132 N.J. Super. 180 (1975)
333 A.2d 264
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN W. BROWN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 14, 1975.
Decided January 27, 1975.
*182 Before Judges HALPERN, CRAHAY and ACKERMAN.
Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Mr. John Edward Stierli, designated counsel, of counsel and on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Mr. David L. Rhoads, Assistant Prosecutor, of counsel).
The opinion of the court was delivered by HALPERN, P.J.A.D.
Defendant was convicted by a jury of the unlawful possession of heroin and cocaine, in violation of N.J.S.A. 24:21-20. He was sentenced to two concurrent State Prison terms of two to five years; the sentences were suspended and he was placed on probation for a period of five years and fined $2,500. He appeals from the judgments of conviction.
The first four points raised on appeal in defendant's brief deal with the trial judge's refusal to grant his motion to suppress the narcotics evidence seized at the time of his arrest, and will be dealt with together. The State's proofs on the motion, briefly stated, were that as the result of a tip *183 from a reliable informer that certain described persons were selling narcotics, the police went to the parking lot of the Newark Holiday Inn. They observed the car and person described to them by the informer leave the parking lot and return within 45 minutes. Leon Smith was driving the car and defendant was seated beside him. As the police approached the car they observed defendant drop a tinfoil packet, which later was proven to contain cocaine, to the ground and attempt to kick it under the car as he exited therefrom. He was immediately arrested and given Miranda warnings. When defendant requested permission to go to his motel room for his jacket, the police accompanied him. On entering his room the police observed a transparent Excedrin bottle containing white powder in plain view on the vanity. The white powder was field tested and determined to be an opiate (heroin). On searching defendant they found $2,100 on his person.
Defendant testified on the motion to suppress that as Smith drove into the motel parking lot three policemen with drawn guns forced them out of the car. They were searched in the parking lot and then taken into Smith's motel room. He denied ever possessing the tinfoil packet or seeing it near the cart. He denied being taken by the police to his motel room, or that he had any knowledge of the Excedrin bottle or the narcotic paraphernalia allegedly found by the police in the room. He denied being placed under arrest or warned of his constitutional (Miranda) rights.
The trial judge believed the police version of the incident and denied the motion to suppress. Based on the stated facts we are in accord with the trial judge's determination. The information concerning defendant's involvement with illegal narcotics was received from an informant whose information had proved accurate in the past. The follow-up investigation by the police confirmed the informant's story. When defendant attempted to dispose of the tinfoil packet, which they had a right to suspect contained narcotics, they had ample probable cause to arrest defendant *184 without a warrant and conduct a reasonable search incidental to that arrest. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed.2d 1879 (1949); State v. Kasabucki, 52 N.J. 110 (1968); State v. Contursi, 44 N.J. 422 (1965); State v. Hannah, 125 N.J. Super. 290 (App. Div. 1973); State v. Williams, 117 N.J. Super. 372 (App. Div. 1971), aff'd 59 N.J. 535 (1971). In addition, the trial judge would have been justified in concluding that defendant intended to abandon the tinfoil packet when he discarded it; hence no Fourth Amendment right would even be involved. See Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); State v. Bailey, 97 N.J. Super. 396 (App. Div. 1967).
There is no merit to defendant's contention that the seizure of the Excedrin bottle in his room was unlawful. The police, for their personal safety and to prevent an escape, were justified in escorting defendant to his room to get his jacket when he requested it. The police, therefore, had a right to be in his room, and when they inadvertently saw the Excedrin bottle in plain view they had probable cause to suspect its contents and, therefore, lawfully confiscated it. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), reh. den. 404 U.S. 874, 92 S.Ct. 26, 30 L.Ed.2d 120 (1971); State v. Waltz, 61 N.J. 83, 87-88 (1972); State v. Griffin, 84 N.J. Super. 508, 518-519 (App. Div. 1964).
Defendant argues that prejudicial error occurred when the trial judge, on the motion to suppress, compelled him to proceed first with his proofs. We find that procedurally the court erred but that it did not amount to prejudicial error warranting reversal. See State v. Gardner, 51 *185 N.J. 444, 456 (1968); State v. Doto, 16 N.J. 397, 405 (1954); R. 1:7-5. It is well settled that in warrantless search cases the ultimate burden of proof rests upon the State to justify the propriety of its actions. State v. Contursi, supra; State v. King, 44 N.J. 346 (1965); State v. Gaudiosi, 97 N.J. Super. 565 (App. Div. 1967). In the instant case defendant and the State fully presented their evidence and we can observe no prejudicial harm resulting to defendant, nor does defendant point to any.
We suggest for future guidance of trial judges, when dealing with motions to suppress evidence seized as the result of a warrantless search, that all defendant need do is show the warrantless search. This then places the burden on the State to go forward with proof to justify its actions. Defendant would then, of course, be permitted to present his proofs  having in mind that the ultimate burden of proving probable cause for the search always remains with the State. See R. 3:5-7, which requires defendant to file a brief stating the facts and his supporting argument; State v. Allen, 113 N.J. Super. 245 (App. Div. 1970); Bicking v. Florida, 293 So.2d 385-386 (Fla. D. Ct. of App. 1974). In support of the suggested procedure it is significant that Federal Rule 41, which is analogous to our R. 3:5-7, was construed in 8A Moore, Federal Practice § 41.08(4), thusly:
The burden is on the moving party, i.e., the defendant, to prove that the search was invalid; however, if it is established that the search was made without a warrant, the burden shifts to the government to produce `clear and convincing evidence' that the warrantless search meets constitutional requirements.
Defendant's further contention that his conviction on two counts of unlawful possession was improper, in that they merged into one offense, is without merit. We are here confronted with separate acts of possession in two different places. Defendant possessed cocaine in the motel parking lot and heroin in his motel room. These facts make State v. Butler, 112 N.J. Super. 305 (App. Div. 1970), inapplicable.
*186 Finally, contrary to defendant's contentions raised as plain error, we find that the trial judge's actions in compelling defendant to exhibit his forearms to the jury, and subsequently advising the jury of a possible overnight sequestration, were unimpeachable discretionary rulings. As to the former ruling, see Evid. R. 25(a). We find no error in either of them, let alone plain error. R. 2:10-2; State v. Macon, 57 N.J. 325 (1971).
Affirmed.