142 N.J. Super. 45 (1976)
359 A.2d 881
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JULIUS H. WHITTINGTON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 5, 1976.
Decided June 1, 1976.
*48 Before Judges CARTON, CRAHAY and HANDLER.
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for appellant (Mr. R. Benjamin Cohen, Assistant Prosecutor, of counsel and on the brief).
Messrs. Herrmann & Blasi, attorneys for respondent (Mr. Robert R. Blasi on the brief).
The opinion of the court was delivered by CRAHAY, J.A.D.
On leave granted, the State appeals from an order suppressing evidence seized during a warrantless search of an automobile in which defendant was an occupant.
The principal issue is whether the prosecution must prove the lawfulness of warrantless searches beyond a reasonable doubt or does a preponderance of the proofs on the question satisfy constitutional requirements.
Defendant was indicted for the unlawful possession of a pistol in an automobile on August 17, 1974, in violation of N.J.S.A. 2A:151-41. At the hearing on his motion to suppress the weapon as evidence testimony was taken from the arresting officer, New Jersey State Trooper Douglas Sinopoli, and the three occupants of the involved automobile: James Thorpe, the driver; Dolores Vaughn, its owner; and defendant.
There is no need to detail the factual record in reaching the legal issue. Suffice to say that there was sharp testimonial divergence between the witnesses as to the circumstances of the arrest of Dolores Vaughn for the possession *49 of marijuana and the subsequent search of her vehicle which uncovered a .25-caliber automatic in the trunk, admittedly defendant's property. At the conclusion of this hearing the trial judge denied defendant's motion, crediting Trooper Sinopoli's version of the occurrence and concluding that the search of the vehicle was justified as being incidental to a lawful arrest. The judge made this finding:
* * * I do believe by a preponderance of the evidence that this [Sinopoli's version] is what happened. It is the more convincing of the stories. It's supported by what I perceive to be credible evidence, and I accept it as such.
Thereafter, on defendant's motion the trial judge ordered that the evidence be suppressed, stating "I am going to reverse my prior ruling with respect to the burden of proof in Fourth Amendment hearings." He iterated that he was satisfied by a preponderance of evidence that Sinopoli's version of the transaction was true but that he was "not convinced beyond a reasonable doubt that the trooper did what he says he did."
In response to the State's appeal defendant argues that the trial judge properly applied the "reasonable doubt" standard of proof and that in any event there was no basis to find that "the actions of Trooper Sinopoli were reasonable in asking the defendant and other occupants to exit the vehicle." We disagree with the latter assertion, satisfied that the record supports the trial judge's holding that the State had preponderated in demonstrating the justification for the challenged search. Contrary to defendant's argument, we do not regard United States v. Cupps, 503 F.2d 277 (6 Cir.1974), as persuasive. The factual pattern reflected in Cupps was clearly different from the special circumstances presented in this record.
In New Jersey it is now settled that the Fifth Amendment issue of the voluntariness of an accused's statement or confession must be shown beyond reasonable doubt. And this, even though the United States Supreme Court has authorized *50 use by the individual states of the lesser standard of preponderance of the evidence. United States v. Matlock, 415 U.S. 164, 94 S.Ct. 977, 39 L.Ed.2d 242 (1974); Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); State v. Kelly, 61 N.J. 283 (1972), and State v. Yough, 49 N.J. 587 (1967). Should the Fourth Amendment issue of the legality of search and seizure without a warrant be tested by the same standard of proof as that called for by Kelly and Yough in Fifth Amendment cases? We conclude not and reverse.
The privilege against self-incrimination embodied in the Fifth Amendment ordinarily involves verbal expressions. While there may be other forms of self-incriminating evidence, confessions or statements against interest are the classic type of evidence which is the focus of the Fifth Amendment. A confession, if found to be voluntary and trustworthy, is inculpatory proof of the highest order. The exclusionary rule employed against receiving involuntary confessions into evidence serves a dual purpose. It is aimed not only as a deterrent against lawless police conduct: the rule even more importantly bears upon the probative worth of quality of the underlying evidence. Thus, the principal historical basis for the exclusion of self-incriminating statements obtained in violation of constitutional strictures recognizes the very great risk that evidence originating in this fashion is probably unreliable. State v. Kelly, supra 61 N.J. at 292. The use of a possibly tainted confession directly affects the truth-finding function of the criminal trial. Hence, there is merit in the current practice whereby the question of whether such evidence should be excluded is determined by the same standard of proof applicable in resolving the ultimate issue of criminal guilt.
These considerations do not apply with the same force to the issues involved with respect to evidence seized, tested under Fourth Amendment requirements. That evidence is generally demonstrative or tangible in nature. As *51 noted, the circumstances under which a statement or confession has been secured bear directly upon its probative worth. The reliability of tangible or physical evidence, however, is not ordinarily affected by the manner in which it was obtained. Thus, the essential, if not sole, purpose served by the exclusionary rule in the context of a Fourth Amendment controversy is prophylactic  to deter and discourage police conduct which is constitutionally offensive. In this setting the rule of exclusion does not clearly augment the truth-determining function of the criminal trial, as in the case of a confession, by shielding from the record probably unreliable or untrustworthy evidence. We therefore perceive no persuasive reason to apply the standard for proving criminal guilt to the different issue of whether generally reliable evidence should be excluded because the conduct of law enforcement officers may be blameworthy.
The holding of State v. Brown, 132 N.J. Super. 180 (App. Div. 1975), should not be read to include that in a warrantless search the prosecution has the burden of proving by "clear and convincing evidence" that constitutional requirements have been met. In Brown we held that it was error  although not there reversible  to compel a defendant to proceed first on a motion to suppress in warrantless search cases, and suggested that
* * * for future guidance of trial judges, when dealing with motions to suppress evidence seized as the result of a warrantless search, that all defendant need do is show the warrantless search. This then places the burden on the State to go forward with proof to justify its actions. Defendant would then, of course, be permitted to present his proofs  having in mind that the ultimate burden of proving probable cause for the search always remains with the State. See R. 3:5-7 * * *. [at 185]
Brown additionally noted:
In support of the suggested procedure it is significant that Federal Rule 41, which is analogous to our R. 3:5-7, was construed in 8A Moore, Federal Practice § 41.08(4), thusly:
*52 "The burden is on the moving party, i.e., the defendant, to prove that the search was invalid; however, if it is established that the search was made without a warrant, the burden shifts to the government to produce `clear and convincing evidence' that the warrantless search meets constitutional requirements."
The quotation from Moore's Federal Practice was clearly not necessary to the holding of Brown. Furthermore, Moore as authority for the "clear and convincing evidence" requirement employs but one footnote authority  Carlo v. United States, 286 F.2d 841 (2 Cir.1961). Carlo neither holds nor fairly suggests such a standard. We do not here subscribe to the dictum on this point in Brown.
In sum, we hold that the trial judge, having found by a preponderance of the evidence that there was justifiable cause for the search and seizure of the weapon on which the indictment was grounded, erred in holding that he was bound to be so satisfied beyond a reasonable doubt. The order suppressing evidence is reversed and the matter remanded to the trial court for further proceedings.