143 N.J. Super. 314 (1976)
362 A.2d 1300
STATE OF NEW JERSEY, PLAINTIFF,
v.
LANDY DONNELL HARRIS, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided July 7, 1976.
*316 Mr. Rowand D. Clark, Assistant Prosecutor, for the State (Mr. Edward W. McGrath, Union County Prosecutor, attorney).
Mr. James F. Keefe, Assistant Public Defender, for defendant (Mr. S. David Levy, Deputy Public Defender, attorney).
COLEMAN, J.C.C., Temporarily Assigned.
The matter comes before the court on a motion for the suppression of evidence pursuant to R. 3:5-7. The facts which are undisputed are as follows:
On March 21, 1975 a breaking and entry occurred at the home of Edward Ennis. A careful investigation showed that entry was gained through a window. On March 22, 1975 defendant's fingerprints were found on the window and at several locations inside the home. A television and a silver English coin were taken from the home. After an application was made for a search warrant it was issued on March 24, 1975 authorizing a search of defendant's apartment and his automobile, the seizure of the television and the old English coin.
On March 24, 1975 the search warrant was executed on the apartment of defendant. Entry into the apartment was accomplished with the aid of a visiting female. The entire apartment was searched, but the television and the silver English coin were not located. However, while searching for the television and the English coin, the police saw many other items which they seized. Those items are: four electric radios of various models; three televisions, one located behind the sofa and one in a closet, each having the wires wrapped around them and not plugged into electrical outlets; one changer, three speakers, one stereo, two turntables, *317 one stereo recorder and seven unopened boxes of Oneida silverware in a kitchen closet. Some of stereo equipment was stacked behind the refrigerator with the cords wrapped around them and not plugged into any electrical outlet. On a bar in the living room the policemen found two speakers which contained initials other than those of defendant. A United States Savings Bond in the name of Devona Watkins was found in the bedroom. One of the officers conducting the search believed that one of the clocks found in the apartment, the Panasonic turntable, the Panasonic AM/FM eight-track stereo recorder and two brown wooden speakers looked like articles wanted in connection with other burglaries.
All of the seized articles were taken by the police to police headquarters to ascertain if they had been reported as stolen in previous thefts. After the look-up all articles not recorded as such were returned to defendant, but further investigation by the police revealed that the suspension air speaker, the eight-track AM/FM stereo and the turntable belonged to a Harry Conover  and this which formed the basis of Indictment No. 853, J.S. 1975. A continuing investigation further disclosed that the Sears AM/FM clock radio, the RCA portable television found on the floor of the bedroom, the Panasonic turntable, the Panasonic AM/FM eight-track stereo recorder and the two brown wooden speakers that were found hooked up on the bar belonged to Roy Southerland  and this formed the basis of Indictment No. 852, J.S. 1975. Indictment No. 881, J.S. 1975 charges breaking and entering with intent to steal and larceny of the television and English coin from Edward Ennis which were never located by the police.

I
The defense challenges the constitutional sufficiency of the affidavit that ultimately led to the issuance of the search warrant. The court finds this contention to be without *318 merit. The facts, as set forth in the affidavit, make it very clear that a crime had been committed, namely, a breaking and entry with intent to steal and larceny at the home of Edward Ennis. Defendant's fingerprints were found on the window where entry was gained, as well as inside of the apartment. Fingerprints are inherently reliable as identifying evidence. Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969). Under these circumstances, the inference is sufficiently probative to establish that defendant, being a suspect in a crime of this sort, would probably secrete the purloined articles in his apartment or his automobile. United States v. Bell, 126 F. Supp. 612 (D.C. Dist. 1955); United States v. Lucarz, 430 F.2d 1051 (10 Cir.1970); State v. Kline, 42 N.J. 135 (1964); State v. Seefeldt, 51 N.J. 472 (1968). In view of the rule which mandates that this court pay substantial deferrence to the determination made by the issuing judge that probable cause existed for the issuance of the warrant, State v. Kasabucki, 52 N.J. 110 (1968), this court finds that defendant has failed to overcome the presumptive validity of the warrant. See State v. Mark, 46 N.J. 262 (1966).

II
As mentioned previously, the search of the premises was conducted pursuant to a search warrant, but the items seized were not those enumerated in the search warrant. Thus, it is defendant's contention that since the items seized were not enumerated in the search warrant, the seizure of the items was tantamount to a warrantless seizure. This is a correct postulation by the defense. Thus, the State has the burden of establishing by preponderance of the evidence, State v. Whittington, 142 N.J. Super. 45, 359 A.2d, 881 (App. Div. 1976); United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), the lawfulness of the seizure of those items not enumerated in the warrant.
*319 The research conducted by the court has failed to reveal any New Jersey case on point. Some of the reported cases from another jurisdiction closest to the situation hereunder consideration are persuasive but not binding on this court. There is well reasoned authority for the proposition that once the police are lawfully on certain premises pursuant to a valid search warrant, they have a right to seize articles not named in the warrant if they have probable cause to believe that the articles were stolen. See Commonwealth v. Wojcik, 358 Mass., 623, 266 N.E.2d, 645 (Sup. Jud. Ct. 1971); Commonwealth v. DeMasi, 362 Mass., 53, 283 N.E.2d, 845 (Sup. Jud. Ct. 1972), and Commonwealth v. Hawkins, 361 Mass., 384, 280 N.E.2d, 665 (Sup. Jud. Ct. 1969). While a New Jersey Court has not expressly decided the issue here presented, the court in State v. Griffin, 84 N.J. Super. 508 (App. Div. 1964), has outlined the broad rationale which this court deems dispositive of issues here presented.
In Griffin defendant was stopped after making a hazardous left turn, in contravention of an unofficial no left turn sign. A police officer stopped defendant to warn him of the dangers of such a turn. While awaiting the production of driver's credentials by defendant, the officer glanced inside the automobile and saw a pile of clothing on the left rear seat and on the floor behind the driver's seat. He noticed that several men's suits, apparently new and still on hangers, were semi-folded partly on the seat and on the floor. In addition, he was able to see that the suits still bore labels and price tags stitched to the sleeves. He also saw two briefcases. Following these observations and the failure of defendant to produce identification other than the registration to the motor vehicle, the officer directed that the defendant follow him to the State Police Barracks, which he did. After they arrived, the officer again looked into the interior of the car and saw that the hanger of the suit on top bore the name of "Olympic Shop." The police officer then contacted the police department in the township in which the "Olympic Shop" was located to ascertain if any clothing had been *320 reported stolen from that shop. The two briefcases were also opened by the police and found that the dividers had been removed to permit greater space for storage of articles, The owner of the "Olympic Shop" appeared at the police barracks and identified the clothing as having been stolen from his shop. After the further investigation by the police, defendant was charged, among other things, with possession of stolen property. The defense there urged that the police did not have probable cause to believe that defendant had committed a crime so as to justify the arrest. In rejecting the defense argument and thus denying the motion to suppress, the court stated:
The observations of the two police officers justified the conclusion that the clothing they observed was apparently stolen. The possession of stolen property is illegal; it is the equivalent of contraband, and is subject to seizure ... Having observed the stolen property, which was fully disclosed and in plain view, Investigator Walker was justified in opening the door of the motor vehicle and physically examining the same. The constitutional guarantees of the Fourth Amendment are to protect persons against unreasonable searches and seizures. We hold that the search of the defendants' vehicle and the seizure of the stolen property were reasonable under the circumstances of this case. [84 N.J. Super. at 519; citations omitted]
What is most relevant for the instant purposes is that the officers in Griffin were permitted to seize the articles pending a further investigation as to the possible criminality of the items of clothing. The events which transpired here are certainly analogous. While searching the apartment of defendant for the items enumerated in the search warrant, the officers came upon the many other articles. They confiscated them, removed them to police headquarters, conducted their further investigation and, based upon the continuing investigation, concluded that defendant should be charged with the various crimes.
The court finds that probable cause existed: that the articles seized by the police were reasonably believed to have been stolen. The police were in the apartment searching pursuant to a search warrant, believing that defendant had committed *321 a burglary and had stolen properly as a result thereof. While searching for the items enumerated in the search warrant, they came upon the numerous articles stored in the apartment in a most unusual fashion and an extremely large number of similar kinds of articles in an apartment of the size of this one. The fact that the numerous articles were stored in unusual places, such as behind the sofa and behind the refrigerator, with the electrical cords wrapped around the articles, created a reasonable inference of larceny. As was stated in State v. Waltz, 61 N.J. 83, 87 (1972), probable cause
* * * is more than mere naked suspicion but less than legal evidence necessary to convict. It is not a technical concept, but rather one having to do with "the factual and practical considerations of everyday life" upon which reasonable men, not constitutional lawyers, act. It has been described by this Court as a "well-grounded" suspicion that a crime has been or is being committed. [at 87; citations omitted]
It seems meaningless to require the officer to get another warrant before seizing the items he had inadvertently discovered while searching for those items enumerated in the search warrant. Clearly, the searching was authorized by the original search warrant. An article seen by an officer while conducting a search pursuant to a warrant is no different from an article which is in the plain view of the officer who has a right to be in a position to make such an observation. Where, as here, the officer has probable cause, based upon his observations, to believe that the articles are stolen property, he has a lawful right to confiscate the articles for further investigation. State v. Griffin, supra; State v. Brown, 132 N.J. Super. 180, 184 (App. Div. 1975). In fact, it would have been impracticable for the searching officers to obtain an additional warrant because the evidence could easily have been removed. Defendant's female friend, who was in the apartment, had been alerted that the police had seen the evidence. Thus, if the searching party had left the apartment the evidence may never have been found again.
*322 U.S. Const., Amend. IV, and N.J. Const. (1947), Art. I, par. VII, proscribe only unreasonable warrantless searches and seizures. Here we are dealing with a search pursuant to a valid search warrant. The court finds that it was most reasonable for the officer to seize the articles not enumerated in the warrant under the totality of the circumstances here involved. The seizure was not constitutionally impermissible, because a warrant is not required in every non emergent situation. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950).
For the foregoing reason, the motion is hereby denied.