STATE OF NEW JERSEY, PLAINTIFF-MOVANT, v. JOAN THERESA TORRES, JOHN RAYMOND TORRES, VICTOR MANUEL TORRES, AND LOUIS SANCHEZ, JR., DEFEND-ANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 9, 1977—Decided November 28, 1977.

Before Judges LYNCH, BISCHOFF and KOLE.

*Mr. Russell V. D'Italia,* Assistant Prosecutor, argued the cause for movant (*Mr. James T. O'Halloran,* Prosecutor of Hudson County, attorney; *Mr. Steven L. Strelitz,* Assistant Prosecutor, of counsel and on the brief).

*Mr. Gerald D. Miller* argued the cause for respondents (*Messrs. Miller, Hochman, Meyerson & Schaeffer,* attorneys).

*Mr. Frederick S. Cohen,* Deputy Attorney General, argued the cause for the Attorney General, *amicus curiae* (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

PER CURIAM. This interlocutory appeal involves a procedural issue incident to a motion to suppress evidence obtained as a result of a warrantless search. *R.* 3:5–7(b).

On May 11, 1977 at about 10:15 P.M. Officer Gabriel Calabrese of the Jersey City Police Department and his partner were on routine patrol when they observed defendant Joan Torres seated on the ground in front of a garage. They peered through a hole in the overhead door and observed a flourescent light and dense smoke. The officers then pushed in a loose panel, unlocked and opened the overhead door. As the smoke cleared, three men were observed dismantling an undamaged 1975 car. Joan Torres admitted being the wife

of one of the three men working on the car. Her hands and clothes were greasy. The men claimed that the car was being dismantled for the owner as part of an insurance fraud. The next day the car was reported stolen and the men were ultimately charged with violations of *N. J. S. A.* 2A:170–1; *N. J. S. A.* 2A:170–30.1; *N. J. S. A.* 2A:170–38 and *N. J. S. A.* 2A:170–71.

On May 31, 1977 defendants filed a motion to suppress evidence obtained as a result of the warrantless entry into the garage. The hearing on the motion was adjourned several times and reached on July 15, 1977. By that date the State had filed its brief and affidavit in support of the search. Defendants simply filed a statement alleging there had been no fire and no emergency.

The State argued at the motion that since defendant had not filed any counter-affidavits, there could be no basis for a hearing pursuant to *R.* 3:5-7(b) and sought a denial of defendants' motion to suppress.

The judge ruled that *R.* 3:5-7(b) required only that defendants submit a statement of facts in order to demonstrate the existence of a factual dispute and that it was not necessary for defendants to file counter-affidavits in order to obtain a hearing pursuant to *R.* 3:5-7(c). The motion was set down for hearing and this interlocutory appeal, taken by the State pursuant to leave granted, is from that ruling.

*R.* 3:5-7(b) provides:

If the search was made with a warrant, a brief stating the facts and arguments in support of the motion shall be submitted with the notice of motion. The State shall, within ten days thereafter, submit a brief stating the facts and arguments in support of the search to which movant may reply by brief submitted no later than three days before the hearing. If the search was made without a warrant, the State shall, within 15 days of the filing of the motion, file a brief, including a statement of the facts as it alleges them to be, and the movant shall file a brief and counter statement of facts no later than three days before the hearing.

*R.* 3:5-7(c) provides:

If material facts are disputed, testimony thereon shall be taken in open court.

Paragraph (b) was adopted as part of the 1977 amendment of this rule. The plain wording of the rule, as amended, requires that, in motions to suppress evidence obtained as a result of a warrantless search, a brief and statement of facts be filed by the State and that a brief and counter-statement of facts be filed by the movant.

The Attorney General has filed a brief *amicus curiae* and argues that affidavits should not be required of either side when there are factual issues in dispute. He argues that the existence of a factual dispute may be ascertained from an examination of the factual assertions contained in the briefs of the parties.

The State argues that while the rule is silent on the need for affidavits, it should be interpreted so as to require the movant to support his version by affidavits because:

(1) The commentary to the rules suggests that it is the intent of the rules that defendant's "counter statement should also be by affidavit to the extent facts relied on are not already of record," *Pressler, Current New Jersey Court Rules,* Comment, *R.* 3:5–7(b) ; and

(2) *R.* 3:5–7 should be read *in pari materia* with *R.* 1:6–2 and *R.* 1:6–6 and, when that approach is taken, affidavits are clearly required.

We are not persuaded by the arguments advanced by the State. The unofficial comments to the rules are inconsistent with the plain wording of the rules insofar as the comment suggests the necessity for affidavits.

■ *R.* 1:6–2 and *R.* 1:6–6 are rules of general application and only apply "unless otherwise stated." *R.* 1:1–1. *R.* 3:5–7(b) is unique, as the movant thereunder is not required to file the first brief nor to carry the burden of proof, for the burden is upon the State to justify a warrantless search. *State v. Brown,* 132 *N. J. Super.* 180, 185 (App. Div. 1975). Furthermore, the briefing requirements of *R.*

3:5–7(b) differ materially from the general briefing provision established by R. 1:6–5(a).

■■ Rules dealing with a specific subject prevail over general rules where they are inconsistent. Cf. *Burg v. State*, 147 *N. J. Super.* 316, 324 (App. Div.), certif. den. 75 *N. J.* 11 (1977); *State by Highway Comm'r v. Dilley*, 48 *N. J.* 383, 387 (1967). We hold that the trial judge was correct in ruling that R. 3:5–7(b) is clear and unambiguous and does not require defendants to file an affidavit in order to be entitled to a hearing on a motion to suppress evidence obtained as a result of a warrantless search. If the Supreme Court intended to require affidavits under these circumstances, it would have said so.

Affirmed.