166 N.J. Super. 210 (1979)
399 A.2d 343
STATE OF NEW JERSEY, PLAINTIFF,
v.
WILLIE HEWINS, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided February 9, 1979.
*211 Mr. John H. Stamler, Union County Prosecutor, for the State (Mr. Philip Harrison, Assistant Prosecutor, appearing).
Mr. S. David Levy, Deputy Public Defender, for defendant (Mr. Barry H. Shapiro, Assistant Deputy Public Defender, appearing).
JOHN P. WALSH, JR., J.S.C.
This is an amplification of an oral opinion delivered by the court at the hearing held *212 on defendant's motion to suppress evidence seized by the State in a warrantless search pursuant to R. 3:5-7. Prior to the hearing the court reviewed the State's brief, including a statement of facts. Defendant's answering brief contained a counter-statement of facts consisting solely of the assertion that the warrantless search was illegal. After defendant refused to expand his counter-statement of facts, the court ruled that no testimony should be taken, and decided the motion on the briefs supplemented by oral argument. The novel issue raised herein is whether defendant's allegation that the search was illegal is sufficient to give rise to a material factual dispute requiring the court to take oral testimony under R. 3:5-7(c).
Briefly, after reviewing the State's statement of facts, the court found that on May 15, 1978, at about 11 P.M., two black males held up the Quick-Mart Service Station on Route 22 in Scotch Plains, New Jersey. At that time Detective Sicola of the Scotch Plains Police Department happened upon the hold-up and thereafter pursued the suspects at speeds in excess of 60 m.p.h., until the hold-up men lost control of their automobile and fled on foot, at which time defendant was apprehended.
During his subsequent investigation Detective Sicola returned to the service station office and seized two packs of cigarettes, which had been left on the counter by the suspects. On May 16, 1978, at 5 A.M., Detective Sicola, accompanied by Detective Milton, returned to the area where defendant had been apprehended and recovered in the shrubbery $114 in cash and a black pistol with white handle. Since the cigarettes, money and gun had obviously been discarded, no Fourth Amendment right was involved. See State v. Brown, 132 N.J. Super. 180 (App. Div. 1975).
At Scotch Plains police headquarters defendant Hewins' clothing was seized as evidence because it corresponded to the description of the gunman's clothing given by the victims and Detective Sicola. After ruling that there was probable cause to arrest the defendant, this court concluded that *213 the seizure of defendant's clothing was permissible under U.S. v. Edwards, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974), and rejected defendant's motion to suppress.
The necessity for this opinion arose because of defendant's refusal to expand his counterstatement of facts, and his insistence that the State produce witnesses to prove the validity of the search and seizure. It is clear that under the rules and case law, if there is a dispute of material fact, the law requires the trial court to take testimony to resolve the dispute and decide the motion.[1]
R. 3:5-7(b) in pertinent part provides:
(b) Briefs * * * If the search was made without a warrant, the State shall, within 15 days of the filing of the motion, file a brief, including a statement of the facts as it alleges them to be, and the movant shall file a brief and counterstatement of facts no later than 3 days before the hearing.
Once the briefs, including the necessary statements of facts, are filed, R. 3:5-7(c) states:
If material facts are disputed, testimony thereon shall be taken in open court.
I find the statement of facts included in the State's brief is sufficient to meet the requirements of the rule. Cf. State v. Torres, 154 N.J. Super. 169 (App. Div. 1977).
Defendant's brief contained an abbreviated statement of facts in which the defendant alleged:
On or about May 15, 1978, a warrantless search was conducted in reference to the within captioned indictment. The defendant, *214 Willie Hewins, contends that such search, and the fruits thereof, is presumptively illegal and that evidence seized should be suppressed.
By this statement defendant has not placed any material fact in dispute. His allegation that a warrantless search took place is not disputed, nor is his legal conclusion that the burden of proof is on the State to justify a warrantless search.
It should be noted that the court offered defendant leave to expand his statement of facts before determining whether or not to take testimony. Defendant elected not to do so, but rather relied on the statement of his attorney that defendant did not admit the truth of the State's allegations. This contention does not raise a dispute as to material fact.[2] If it did, R. 3:5-7(b) and (c) would be emasculated.
The absence of any meaningful statement of facts by defendant prejudices the State in its preparation for the motion, and also hinders the court's research in advance of the hearing. The rule also seeks to avoid the time-consuming taking of testimony solely for the purpose of affording defense counsel additional discovery, and an opportunity to examine the State's witnesses in advance of trial. The motion to suppress is available to defendant in order to resolve questions concerning the validity of a search and/or seizure; it is not just another discovery device. As the court observed in Cohen v. United States, 378 F.2d 751 (9 Cir.1967), *215 cert. den. 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967):
Suppression may be improper for a reason of law appearing on the face of the motion. Moreover, factual allegations which are general and conclusory or based upon suspicion and conjecture will not suffice, for "claims that taint attaches to any portion of the Government's case must satisfy the trial court with their solidity and not be merely a means of eliciting what is in the Government's possession before its submission to the jury." Nardone v. United States, 308 U.S. 338, 342, 60 S.Ct. 266, 84 L.Ed. 307 (1939) [footnote omitted]. [at 760]
By holding that a factual dispute is required before testimony is taken, we break no new ground. Clearly, this holding is implicit in the Torres decision, supra. This has also been the rule in the federal courts concerning motions to suppress evidence. In United States v. Ledesma, 499 F.2d 36 (9 Cir.1974), cert. den. 419 U.S. 1024, 95 S.Ct. 501, 42 L.Ed. 2d 298 (1974), the court noted:
Evidentiary hearings need not be set as a matter of course, but if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question, an evidentiary hearing is required. [citation omitted] [at 39]
The conclusionary assertions contained in defendant's counterstatement of facts are insufficient to create a material factual dispute. Defendant must present the court in his counterstatement of facts with something more than the naked conclusion that the warrantless search was illegal, in order to obtain an evidentiary hearing pursuant to R. 3:5-7(c). If he elects not to do so, then no issue has been presented which requires taking of testimony for the determination of the motion.
NOTES
[1] See, e.g., Judson v. People's Bank and Trust Co. of Westfield, 17 N.J. 67 (1954) (a dispute of material fact bars summary judgment); Roberts v. Roberts, 106 N.J. Super. 108 (Ch. Div. 1969) (plenary hearing required to decide wife's motion to bar husband from the marital home when the court was presented with conflicting affidavits).
[2] Cf. Judson, supra:

However, if the opposing party offers no affidavits or matter in opposition, or only facts which are immaterial or of an insubstantial nature, a mere scintilla, [citation omitted], fanciful, frivolous, gauzy or merely suspicious [citation omitted], he will not be heard to complain if the court grants summary judgment, taking as true the statement of uncontradicted facts in the papers relied upon by the moving party, such papers themselves not otherwise showing the existence of an issue of material fact. [citation omitted]. [17 N.J. at 75]