178 N.J. Super. 360 (1981)
429 A.2d 367
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIE T. HEWINS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 10, 1981.
Decided March 19, 1981.
*361 Before Judges FRITZ, POLOW and JOELSON.
Stanley C. Van Ness, Public Defender, attorney for appellant (Carole Fitzgibbon Greco, designated counsel, of counsel and on the brief).
John J. Degnan, Attorney General of New Jersey, attorney for respondent (Allan Nodes, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant was convicted by a jury of robbery while armed and possession of a dangerous weapon. Sentences aggregating 12 to 18 years in New Jersey State Prison were imposed. On this appeal defendant argues that the trial judge erred in failing to take testimony on the motion to suppress, that the out-of-court and in-court identification procedures were improper, that the prosecutor made prejudicial comments in his summation and that the sentence imposed was manifestly excessive. Since we find that all of the issues raised lack substance, we affirm.
On the suppression motion regarding property seized without a warrant, the denial thereof is affirmed substantially for the reasons stated by Judge Walsh in his opinion reported at 166 N.J. Super. 210 (Law Div. 1979).
With regard to defendant's attacks on the out-of-court and in-court identifications, we are fully satisfied that they were reliable and not so "`impermissibly suggestive as to give rise to *362 a very substantial likelihood of irreparable misidentification.'" Neil v. Biggers, 409 U.S. 188, 198, 93 S.Ct. 375, 381, 34 L.Ed.2d 401 (1972) (out-of-court identification); Simmons v. U.S., 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) (in-court identification).
Defendant objects to the prosecutor's summation because it included discussion of alternative identification procedures, including a lineup. Upon objection, the judge advised the jury that the prosecutor had been instructed not to refer to a lineup since there was no evidence relating thereto. Although the prosecutor's comments were unrelated to evidence in the case, we discern no prejudice and conclude that the error was completely harmless. It had no potential to cause an unjust result. R. 2:10-2. Nor was it sufficient to create a reasonable doubt as to whether the jury was led to a result it might otherwise not have reached. State v. Macon, 57 N.J. 325, 336 (1971).
Under the circumstances, we find that the sentences imposed within statutory limits were neither manifestly excessive nor a mistaken exercise of discretion. State v. Whitaker, 79 N.J. 503 (1979); State v. Leggeadrini, 75 N.J. 150, 161-162 (1977).
Affirmed.