720 A.2d 381 (1998)
316 N.J. Super. 296
STATE of New Jersey, Plaintiff-Respondent,
v.
A. Michael GOODSON, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued October 6, 1998.
Decided November 9, 1998.
*382 James E. Dow, Jr., Hackensack, for defendant-appellant.
Gary H. Schlyen, Chief Assistant Prosecutor, for plaintiff-respondent (Ronald S. Fava, Passaic County Prosecutor, attorney; Mr. Schlyen, on the brief).
Appellant, filed a pro se supplemental brief.
Before Judges PRESSLER, BROCHIN and STEINBERG.
The opinion of the court was delivered by STEINBERG, J.A.D.
In this case we must consider whether the Fourth Amendment of the United States Constitution, as applied to the State through the Fourteenth Amendment, permits a blanket exception for drug crimes to the requirement that police officers knock-and-announce their identity and purpose before attempting forcible entry into a dwelling to conduct a search. We conclude that it does not. However, since this issue is raised for the first time on appeal, we remand to the Law Division for a hearing to determine whether, under the facts of this case, the unannounced entry by the police was reasonable and consequently sustainable.
Following a trial by jury, defendant A. Michael Goodson was found guilty of third-degree possession of a controlled dangerous substance, cocaine, N.J.S.A. 2C:35-10(a)(1) (count 1); third-degree possession of a controlled dangerous substance, cocaine, with the intent to distribute in a quantity of less than one-half ounce, N.J.S.A. 2C:35-5(a)(1) and (b) (count 2); third-degree possession of a controlled dangerous substance, cocaine, with the intent to distribute within 1,000 feet of a school being used for school purposes, N.J.S.A. 2C:35-7 and N.J.S.A. 2C:35-5(a) (count 3); and, while in the course of committing the crimes specified in counts 1 through 3, fourth-degree possessing or controlling a police radio capable of receiving any message or transmission made on or over any police communication system, N.J.S.A. 2C:33-22 (count 4). The trial judge sat as a fact-finder regarding a related disorderly persons offense of possession of drug paraphernalia, N.J.S.A. 2C:36-2, and found defendant guilty of that charge.
The trial judge merged counts 1 and 2 into count 3 and sentenced defendant on count 3 to five years of imprisonment with three years to be served without parole. The trial judge also sentenced defendant to a concurrent term of eighteen months on count 4, and a concurrent term of six months in the Passaic County Jail on the disorderly persons complaint. The appropriate monetary penalties and driver's license revocation were also imposed. In addition, defendant was required to forfeit $311 that was confiscated at the time of his arrest.
In this appeal defendant raises the following issues:
POINT I
THE SUPPORTING AFFIDAVIT WAS CRITICALLY DEFICIENT BECAUSE IT FURNISHED NO INFORMATION WHATSOEVER AS TO WHEN THE INFORMANT ALLEGEDLY "WITNESSED" THE DRUG SALES.
POINTS II AND III
THE SUPPORTING AFFIDAVIT DID NOT PROVIDE A SUBSTANTIAL BASIS TO CREDIT THE HEARSAY SET FORTH IN IT.
*383 POINT IV
THE TOTALITY OF THE FACTS PRODUCED BY THE CORROBORATIVE INVESTIGATION CANNOT CURE THE PATENT DEFICIENCIES IN THE INFORMANT'S REPORTED INFORMATION.
POINT V
DETECTIVE HOWE'S SUPPORTING AFFIDAVIT WAS COMPLETELY DEFICIENT IN SUPPLYING THE MAGISTRATE WITH ANY PARTICULARIZED FACTS JUSTIFYING A NO KNOCK SEARCH WARRANT.
POINTS VI AND VII
DESPITE DETECTIVE HOWE'S APPLICATION FOR A NO KNOCK SEARCH WARRANT TO ENTER MR. GOODSON'S APARTMENT, THE MAGISTRATE FAILED AND REFUSED TO ISSUE A NO KNOCK SEARCH WARRANT. THEREFORE, THE PATERSON POLICE OFFICERS WHO ENTERED MR. GOODSON'S APARTMENT WITH A HYDRAULIC DOOR OPENER ACTED UNREASONABLY AND IN VIOLATION OF MR. GOODSON'S RIGHT TO BE SECURE FROM AN UNREASONABLE SEARCH AND SEIZURE.
POINT VIII
THE ASSISTANT PROSECUTOR'S EXHIBITION OF A "VISUAL AID" TO THE JURY, WITHOUT FIRST SHOWING IT TO DEFENSE COUNSEL CONSTITUTES WILLFUL MISCONDUCT AND RESULTED IN IRREPARABLE PREJUDICE TO THE DEFENDANT AND WARRANTS EITHER DISMISSAL OF THE INDICTMENT OR A NEW TRIAL.
Defendant has also filed a pro se supplemental brief which is voluminous, rambling, and, in many respects, incomprehensible. In addition, it does not clearly divide, under appropriate point headings, the separate legal arguments raised as required by R. 2:6-2(a)(5). It is incapable of summary for purposes of this opinion. However, we have carefully considered the brief, and, to the extent it is comprehensible, we find it to be clearly without merit. See R. 2:11-3(e)(2). Although we find the issues raised by defendant in Points I, II, III, IV, and VIII to be without merit, see R. 2:11-3(e)(2), there are unresolved critical factual issues in the record regarding the right of the police to gain entry by use of a hydraulic door opener into the premises where the contraband was found. We remand to the trial court for factual findings and legal conclusions on the issues raised by defendant in Points V, VI, and VII.
On July 17, 1995, Detective Howe of the Paterson Police Department applied to a municipal court judge for a search warrant for 115 Park Avenue, Apartment 13, Paterson, New Jersey. In an effort to establish probable cause, he furnished his affidavit which alleged that on that date he was contacted by a confidential and reliable informant whom he had known for approximately three years and who had supplied information that led to numerous narcotics arrests and convictions. The affidavit alleged that the informant knew a location where defendant, who went by the street name of "Goodie" and who lived at 115 Park Avenue, Apartment 13, was selling crack cocaine. The affidavit further provided that the person only sells "$25 pieces and up." According to the affidavit, the confidential informant was asked if he could purchase cocaine from Goodie, and he replied affirmatively. At Howe's request the informant came to his office, was strip-searched, supplied with $25, and taken to the area. Howe further asserted that he observed the informant enter the building and return approximately five minutes later. The informant handed him a small yellow plastic baggie containing a white rock-like substance. The informant also advised Howe that defendant had a large amount of crack on a scale and more wrapped up in a towel. The informant further stated that defendant kept additional cocaine in a gray safe in a closet in his bedroom, and that he had a black pit bull dog in the bedroom. Howe concluded the affidavit by requesting that any warrant issued be a "no-knock" warrant for the protection of the officers involved as well as to prevent the possibility of the destruction of evidence.
The judge issued the warrant. However, the copy of the warrant that is included in *384 defendant's appendix did not appear expressly to authorize a "no-knock" entry into the premises to be searched. There is no indication in the record whether the request was specifically rejected or merely overlooked. In any event, it does not appear that a no-knock entry was authorized by the issuing judge.
The warrant was executed on July 18, 1995, at 1:15 a.m. by Howe and other members of the Paterson Police Department. Entry was gained by the use of a hydraulic door opener which Howe described as a device which was put between door jambs. The door is then opened outward by pressing a button. Upon entering the apartment the officers announced themselves and produced the search warrant.
The premises were searched and two bags of cocaine were found on the kitchen counter along with a police scanner. A digital portable scale, a box of razor blades, and a yellow plastic strainer were also found in the kitchen. In addition, two glass pipes were found on a nightstand in the bedroom, along with twelve plastic bags, each of which contained approximately fifty smaller plastic baggies. $311 was also found in a brown jacket hanging in the closet in the bedroom. Finally, a plastic bag that contained several chunks of a white rock-like substance was found on top of the medicine cabinet in the bathroom.
Prior to trial defendant moved to suppress the evidence pursuant to R. 3:5-7. Defendant's argument before the motion judge was limited to whether Howe's affidavit was sufficient to establish probable cause. Defendant contends for the first time on appeal that the search was unlawful because of the no-knock entry of the apartment. The issue properly should have been initially argued to the motion judge at the time of the suppression hearing. The failure to do so ordinarily results in a waiver. See State v. Love, 233 N.J.Super. 38, 43, 558 A.2d 15 (App.Div.), certif. denied, 118 N.J. 188, 570 A.2d 954 (1989).
However, since the contention raised by defendant implicates his rights under the Fourth Amendment of the United States Constitution, we choose to consider the contention because if the method in which the search was conducted and the ultimate seizure was constitutionally impermissible, the denial of the motion to suppress was erroneous and was clearly capable of producing an unjust result. See R. 2:10-2. Stated in another way, if the evidence was unconstitutionally seized, the denial of the motion to suppress raises a real possibility sufficient to raise a reasonable doubt as to whether the error led to a conviction that otherwise might not have been entered. See State v. Macon, 57 N.J. 325, 336, 273 A.2d 1 (1971). Moreover, even if we declined to consider the issue in light of the failure of defendant to raise it initially before the motion judge, defendant might still have the opportunity to raise the argument in a petition for post-conviction relief pursuant to R. 3:22-1.
In recognition of the ancient precept that a man's house is his castle, the common law developed the requirement that a law enforcement officer must first knock and announce his presence prior to entering a home. Wilson v. Arkansas, 514 U.S. 927, 931, 115 S.Ct. 1914, 1916, 131 L.Ed.2d 976, 980 (1995). "The common law `knock and announce rule' is considered to be embodied in the Fourth Amendment to the United States Constitution." State v. Love, supra, 233 N.J.Super. at 44, 558 A.2d 15. Neither the Federal nor State Constitution prohibits all search and seizures, but only those that are deemed unreasonable. State v. Marshall, 123 N.J. 1, 67, 586 A.2d 85 (1991). The reasonableness of a search of a dwelling may depend in part on whether law enforcement officers announced their presence and authority prior to entering. Wilson v. Arkansas, supra, 514 U.S. at 931, 115 S.Ct. at 1916, 131 L.Ed.2d at 980. Wilson, supra, held that although a search or seizure of a dwelling might, therefore, be constitutionally impermissible if the police enter without prior announcement, at the same time law enforcement interests may also establish the reasonableness of an unannounced entry. Id. 514 U.S. at 936, 115 S.Ct. at 1919, 131 L.Ed.2d at 984. Accordingly, the Court held that although the common-law "knock-and-announce" principle constituted part of the reasonableness inquiry under the Fourth Amendment, id. 514 U.S. at 931, 115 S.Ct. at *385 1916, 131 L.Ed.2d at 979, it refused to impose a rigid rule of announcement that ignores countervailing law enforcement interests. Id. 514 U.S. at 934, 115 S.Ct. at 1918, 131 L.Ed.2d at 982. The Court thus concluded that state courts should be permitted to make the necessary findings of fact and to make the determination of the reasonableness of a no-knock entry in the first instance. Id. 514 U.S. at 936, 115 S.Ct. at 1919, 131 L.Ed.2d at 984.
In Richards v. Wisconsin, 520 U.S. 385, ___, 117 S.Ct. 1416, 1421, 137 L.Ed.2d 615, 624 (1997), the United States Supreme Court rejected the conclusion of the Wisconsin Supreme Court that police officers are never required to knock and announce their presence when executing a search warrant in a felony drug investigation. Referring to its recognition in Wilson that the knock-and-announce requirement can yield under appropriate circumstances, the Court nevertheless refused to sanction a blanket drug investigation exception observing that:
[W]hile drug investigation frequently does pose special risks to officer safety and the preservation of evidence, not every drug investigation will pose these risks to a substantial degree. For example, a search could be conducted at a time when the only individuals present in a residence have no connection with the drug activity and thus will be unlikely to threaten officers or destroy evidence. Or the police could know that the drugs being searched for were of a type or in a location that made them impossible to destroy quickly. In those situations, the asserted governmental interests in preserving evidence and maintaining safety may not outweigh the individual privacy interests intruded upon by a no-knock entry.

[Id. 520 U.S. at ___, 117 S.Ct. at 1421, 137 L.Ed.2d at 623.]
Consequently, in deciding whether the facts and circumstances of a particular entry justify dispensing with the knock-and-announce requirement, the trial court must make a fact-specific and fact-sensitive inquiry as to whether the entry was justifiable under the circumstances without the police first knocking and announcing their presence. Id.
520 U.S. at ___, 117 S.Ct. at 1421, 137 L.Ed.2d at 624. Richards sets forth the following test:
In order to justify a "no-knock" entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence. This standard as opposed to a probable cause requirementstrikes the appropriate balance between the legitimate law enforcement concerns at issue in the execution of search warrants and the individual privacy interest affected by no-knock entries.

[Ibid.]
While the court recognized that "this showing is not high, nevertheless the police should be required to make it whenever the reasonableness of a no-knock entry is challenged." Id. 520 U.S. at ___, 117 S.Ct. at 1422, 137 L.Ed.2d at 624.
Even before Wilson, the New Jersey common law required a police officer to demand admittance and explain his purpose before entry. See State v. Fair, 45 N.J. 77, 86, 211 A.2d 359 (1965); State v. Love, supra, 233 N.J.Super. at 44, 558 A.2d 15. The knock-and-announce rule was subject, however, to certain exceptions: (1) immediate action was required to preserve evidence; (2) the officer's peril would be increased if knocking preceded entry; or (3) the arrest would be frustrated. Ibid. These exceptions, to be applied on a case by case basis, comport with both Wilson and Richards.
There are too many unresolved facts here to permit us to resolve the ultimate issue as to whether the search was reasonable and, therefore, constitutionally permissible. For example, the record does not reflect whether a no-knock entry was actually authorized by the issuing judge. The determination of whether a no-knock entry was authorized by the judge can only be made from within the four corners of the warrant. Unfortunately, the copy of the warrant included in defendant's appendix is not clearly legible, and we cannot conclude, with any *386 degree of certainty whether the judge actually authorized a no-knock entry. Apparently Howe felt that it was since he testified at trial that he obtained a no-knock search warrant.
In addition, even if the issuing judge rejected the application for a no-knock warrant, or overlooked the fact that it was requested, we cannot discern from this record whether there were any circumstances present when the warrant was executed which were sufficient to dispense with the knock-and-announce requirement. While we deem it fair to consider the contention raised by defendant for the first time on this appeal, we do not think it fair to deprive the State of the opportunity to show that a no-knock warrant was actually issued or that there were sufficient facts and circumstances present when the search was executed to justify dispensing with the knock-and-announce requirement. Accordingly, since these are issues that should, in the first instance, be decided by the trial court, we remand the matter to the Law Division to resolve these pivotal factual issues. See State v. Hutchins, 116 N.J. 457, 476, 561 A.2d 1142 (1989).
The allocation of the burden of proof at the hearing will depend upon whether the search warrant actually authorized a no-knock entry. There is a presumption that law enforcement officers act legally in executing a warrant. See State v. Kuznitz, 105 N.J.Super. 33, 42, 250 A.2d 802 (Cty.Ct. 1969). Accordingly, the State must have the opportunity to establish that the no-knock entry was actually authorized by the issuing judge. In the event the motion judge concludes that the search warrant authorized a no-knock entry, the burden of demonstrating the invalidity of the search must be placed upon defendant. See State v. Valencia, 93 N.J. 126, 133, 459 A.2d 1149 (1983). On the other hand, if the motion judge concludes that the issuing judge did not authorize a no-knock entry, the entry into defendant's home must be considered warrantless. See State v. Harris, 143 N.J.Super. 314, 318, 362 A.2d 1300 (Law Div.1976). Since warrantless searches are presumed to be invalid, State v. Valencia, supra, 93 N.J. at 133, 459 A.2d 1149, the burden would then be upon the State to establish that the no-knock entry into defendant's premises was constitutionally permissible under the particular circumstances of this case, that is, that there is a reasonable suspicion that an announced entry would be dangerous, or would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence, or that other facts or circumstances were present that would justify dispensing with the knock-and-announce requirement. See Richards, supra, 520 U.S. at ___, 117 S.Ct. at 1422, 137 L.Ed.2d at 624.
We remand for further proceedings consistent with this opinion. In the event the Law Division determines that the no-knock entry into defendant's premises was constitutionally permissible, the judgment of conviction is affirmed in all respects. On the other hand, if it is determined that the no-knock entry was constitutionally impermissible, the judgment shall be deemed reversed, the evidence seized shall be suppressed, and the matter shall proceed on that basis. We do not retain jurisdiction.