78 N.J. Super. 253 (1963)
188 A.2d 308
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN FIORAVANTI, DEFENDANT-MOVANT.
Superior Court of New Jersey, Appellate Division.
Argued February 4, 1963.
Decided February 4, 1963.
*254 Before Judges CONFORD, GAULKIN and KILKENNY.
Mr. Charles Frankel and Mr. Paul L. Blenden appeared for defendant, for the motion.
Mr. Vincent P. Keuper, Prosecutor of Monmouth County, opposed.
The opinion of the court was delivered by GAULKIN, J.A.D.
Defendant was indicted on September 10, 1962 for breaking and entering with intent to steal and *255 larceny. On September 28, 1962 he moved to suppress evidence (burglar tools) found and seized in his automobile at the time of his arrest without a warrant. The motion was denied. Thereafter he was again indicted, upon what the prosecutor calls a superseding indictment, for these and other crimes arising out of the same episode, one of which was the possession of the burglar tools. Defendant thereupon moved again to suppress the evidence and again the motion was denied.
Defendant did not move for leave to appeal from the denial of the September 28 motion, and it is now too late to do so. R.R. 2:2-3(a). He moves for leave to appeal from the denial of his second motion.
Although this motion was made prior to the adoption of R.R. 3:2A-1 et seq., that rule did not change the pre-existing law governing the issues in this case.
The motion to suppress made after the first indictment having been denied, the denial became the law of the case, and the defendant had no right to repeat the motion simply because there was a second indictment. Once such a motion was made and the court ruled that the attack therein mounted was unwarranted, the evidence could thereafter be used in any proceeding in which it was material.
A motion to suppress does not depend upon the existence of an indictment. It does not even depend upon the existence of a formal charge. The movant may move if he has "reasonable grounds to believe that the evidence obtained may be used against him in a penal proceeding," even if it is only threatened. R.R. 3:2A-6(a). He need not specify the particular crime with which he expects to be charged, nor need he show that the State intends to use the evidence in any particular fashion or with reference to any specific charge. If the evidence is suppressed it may not be used in any criminal proceeding, even though it is not then pending or even contemplated. Conversely, if suppression is denied, the evidence may be used in any criminal proceeding. The motion is directed to the acts of the officers in seizing the evidence *256 and not to the bearing of the evidence upon any particular crime.
Of course, if the evidence which he sought to suppress is used against him at the trial and defendant is convicted, he will be able to assert as a ground of appeal the alleged error in denying his motion of September 28. Cf. DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614, 621 (1962). The record of the September 28 motion will then become part of the record on appeal.
Leave to appeal is therefore denied.