115 N.J. Super. 73 (1971)
278 A.2d 223
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ARTHUR A. JORDAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 25, 1971.
Decided June 4, 1971.
*74 Before Judges KILKENNY, HALPERN and LANE.
Mr. Edward Hannigan, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney; Mr. Hannigan, of counsel and on the brief).
Mr. David N. Dubrow, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney; Mr. Dubrow, on the brief).
The opinion of the court was delivered by HALPERN, J.A.D.
Following a jury trial, defendant was convicted of the unlawful possession of heroin. He appeals from the judgment of conviction. He contends the court erred in denying his motion, made before trial, to suppress the evidence seized by the police without a search warrant.
*75 On January 26, 1970 Detectives Gockeler, Jackson and Pepe, members of the narcotic squad of the Newark Police Department, while making an investigation, were on the sixth floor of a common hallway in the Park Lane Hotel attempting to listen at the door of room 602. The door opened, and a woman was about to exit therefrom. Gockeler, who had eight years experience on the narcotic squad, testified at the hearing on the motion to suppress that he looked into the room and saw defendant drop a stack of 15 glassine envelopes to the floor. Suspecting that the envelopes contained narcotic drugs, he arrested defendant and confiscated the envelopes. Subsequent tests confirmed his suspicion. Only Gockeler testified for the State on the suppression hearing. The defendant did not testify either at the suppression hearing or the trial. In fact, defense counsel conceded at the suppression hearing that what Gockeler did was not a search. It is obvious from the record that the trial judge limited his factual findings because of such concession. One may assume from defense counsel's concession and the trial judge's statement that counsel and the court understood Gockeler's testimony to be that he was in the hallway when the envelopes were dropped.
The factual issue in dispute is whether, as the State contends, Gockeler saw defendant drop the envelopes while standing in the hallway, or, whether as defendant contends, he saw it after entering the room. If defendant's contention is correct, the police would have committed an unlawful trespass making the subsequent arrest and seizure invalid. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). If the State's contention is correct, the arrest and seizure were valid because Gockeler had a right to be in the common hallway and what fell into plain view from that vantage point was not a search. State v. Smith, 37 N.J. 481, 495-496 (1962), cert. den. 374 U.S. 835, 83 S.Ct. 1879, 10 L.Ed.2d 1055 (1963). It gave the police probable cause to arrest defendant and seize *76 the envelopes. State v. Di Rienzo, 53 N.J. 360, 385 (1969); Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968).
We have carefully studied the transcript of the hearing on the motion to suppress. While it is arguable that Gockeler's testimony is subject to a different construction, we are satisfied he was in the hallway when he made his observations. We are also satisfied he had probable cause to suspect the envelopes contained narcotics and to arrest defendant. State v. Contursi, 44 N.J. 422, 432-433 (1965).
Defendant further argues that in considering his motion to suppress we should take into account the testimony of all the witnesses adduced at the trial of the indictment. We are not referred to any New Jersey authority in support of this contention. The federal cases cited are not helpful. They were decided before suppression motions were reviewable on appeal under the federal rules. See 8A Moore's Federal Practice § 41.08 [5] and § 41.09.
Suppression motions are required to be made and determined before trial, otherwise they are deemed waived. R. 3:5-7. Thus, the losing party may move before trial for leave to appeal. R. 2:2-4 and R. 2:5-6. To permit defendant to go beyond the record made on the suppression motion would destroy the purposes and the scheme of the rules. The rules contemplate a full airing of the evidence before trial. On this appeal we may only consider whether the motion to suppress was properly decided based on the evidence presented at that time. The court's decision becomes the law of the case and is binding on whatever judge ultimately tries the case. See State v. Contursi, 44 N.J. 422, 425 (1965) where defendant, at trial, attempted to renew his motion to suppress and Justice Hall, speaking for the Court, said it was "very properly rejected summarily." See also State v. Romeo, 43 N.J. 188, 202 (1964), cert. den. 379 U.S. 970, 85 S.Ct. 668, 13 L.Ed.2d 563 (1965).
Presumably, if defendant could show that the motion was denied because of fraud, or that the interest of justice required *77 a new hearing on the merits (e.g., perjury), such would be permissible under the rules. No such showing having been made, there is no reason to consider the trial record on the issue presented.
Affirmed.