115 N.J. Super. 262 (1971)
279 A.2d 130
IN THE MATTER OF THE SEARCH AND SEIZURE OF PROPERTY AT PREMISES OF C COMPANY IN ROSELLE, NEW JERSEY, AND IN THE MATTER OF THE SEARCH AND SEIZURE OF PROPERTY AT PREMISES OF A IN NEWARK, NEW JERSEY, AND IN THE MATTER OF THE SEARCH AND SEIZURE OF PROPERTY AT PREMISES OF B COMPANY IN EAST ORANGE, NEW JERSEY.
Superior Court of New Jersey, Appellate Division.
Argued May 25, 1971.
Decided June 18, 1971.
*264 Before Judges LEWIS, MATTHEWS and MINTZ.
Mr. Alfred K. Frigola, First Assistant Prosecutor, argued the cause for appellant (Mr. Karl Asch, Union County Prosecutor, attorney).
Mr. George J. Koelzer argued the cause for respondents (Messrs. Lum, Biunno & Tompkins, attorneys).
Mr. Warren Brody argued the cause for respondents (Messrs. Winetsky, Brody and Winetsky, attorneys).
PER CURIAM.
The State, with leave of court, appeals from interlocutory orders entered by a Superior Court judge requiring the single affidavit, and any other supportive material upon which three search warrants issued, be made available to the parties claiming to be aggrieved by the search.
Our order granting leave to appeal also provided that the State refrain from calling four named individuals as witnesses before the Union County grand jury until further order of the Court.
On this accelerated appeal the State contends that the trial judge (a) erred in allowing disclosure of the affidavit and other supportive evidence to respondents (applicants); (b) erred in refusing to conduct an in camera hearing out of the presence of applicant's counsel and the applicants, to determine whether justice would be served by a pre-indictment disclosure of the affidavit; and (c) abused his discretion in allowing disclosure of the affidavit and other supportive evidence, rather than direct that pursuant to R. 3:6-8(a) any *265 indictment returned against any of the applicants be kept secret until they are afforded opportunity to examine the affidavit.
On April 6, 1971 the Superior Court judge issued three search warrants upon the basis of a single affidavit. It appears that there was no testimony or other evidence offered in support of the application for these warrants. One warrant was to search the office of A, an attorney, in Newark. Another search warrant was for the office of B, certified public accountants, in East Orange. The third search warrant was for the offices of the C company in Roselle.
On April 7, 1971 a search of each of the three premises was made, and property belonging to A, B and the C company, as well as D, the E company and F company was seized.
Prior to April 6, 1971, and continuing to May 1971, the grand jury of Union County has been investigating alleged irregularities in the granting of a subdivision to the E company by the Scotch Plains Planning Board.
D, president of the C and E companies; S, secretary of the E company, and a partner in B; A, registered agent of the E company, and G, a partner in B, are under subpoena to appear before the Union County grand jury in connection with the aforementioned investigation. Except for G, the State concedes that the named individuals are targets of the grand jury investigation.
Significantly, the judge who issued the search warrants entered the orders, making available to the applicants copies of the affidavit upon which the search warrants issued. Such orders have been stayed pending disposition of this appeal.
We are satisfied that the judge, in the circumstances here presented, properly ordered disclosure of the affidavit and other supportive evidence to the applicants. R. 3:5-6 expressly provides that:
[T]he warrant, affidavit and testimony shall be confidential but on order of the Superior Court or a county court they shall be made available, on application and notice to the county prosecutor, to a person claiming to be aggrieved by an unlawful search and seizure.
*266 There is no merit to the State's contention that R. 3:5-6 should be read in pari materia with R. 3:13-3, the discovery and inspection rule. The respective rules are designed to apply different situations. R. 3:13 applies to pretrial proceedings, including discovery procedures, whereas R. 3:5-6 affords relief "to a person claiming to be aggrieved by an unlawful search and seizure."
We further note that under R. 3:5-7 a motion for the return of property and to suppress evidence may be made where a matter "is pending or threatened." Such a motion does not depend upon the existence of an indictment. State v. Fioravanti, 78 N.J. Super. 253 (App. Div. 1963), affirmed in part and vacated in part, 46 N.J. 109 (1965). A similar view is expressed in In re Fried, 161 F.2d 453, 458 (2 Cir.1947) where the court held that if property has been illegally seized by a federal official, "its potential use as evidence will be restrained by the district court, although no indictment is pending." Since such a motion may be made at a pre-indictment stage, it would logically follow that an application to examine or copy the evidence submitted to justify the issuance of a warrant may likewise be granted at a pre-indictment stage.
We recognize that situations may arise where the court may relax R. 3:5-6, pursuant to R. 1:1-2, and make unavailable to the applicant a portion or all of the affidavit or other material submitted to the judge to support a showing of probable cause for the issuance of a search warrant. For example, the court could properly render unavailable to the applicant the identity of an informer whose life might be jeopardized by such disclosure.
The State further contends that the court should delay the right of the applicants to inspect the affidavit until the State has submitted proof ex parte and in camera, which conceivably would justify withholding the requested affidavit. It is a disfavored practice for a prosecutor and judge to closet themselves in chambers and alone make decisions crucial to the exercise of basic rights of unrepresented parties. Alderman *267 v. United States, 394 U.S. 165, 183-185, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); Dennis v. United States, 384 U.S. 855, 874-875, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966).
Alternatively, the State argues that the judge should refrain from ordering the production of the affidavit and supportive data, if any, prior to the return of an indictment or the end of the grand jury investigation. It is claimed that if, in fact, an indictment is returned, it may be kept secret pusuant to R. 3:6-8 until the applicants have had an opportunity to examine the affidavit and supportive evidence. We note, however, that R. 3:6-8 merely provides that the judge "may direct that the indictment shall be kept secret until the defendant is in custody or has given bail." It is inapplicable in the instant case. In this light, we believe no error was committed. We agree with the trial judge that persons who are indicted and subsequently acquitted never escape that stigma. In re Fried, supra, at 458.
Finally, we again observe that the judge who issued the search warrants was the same judge who granted the relief to the applicants. Obviously, he concluded that the State would not be prejudiced by the requested disclosure.
We affirm. The prosecutor will forthwith make available to the applicants the affidavit upon which the search warrants issued. The applicants are afforded ten days from the submission of said data within which to move to suppress and for the return of property pursuant to R. 3:5-7. In the interim, the appearances of A, D and S before the grand jury are stayed pending the disposition of said motion if made within the time aforesaid. We do not retain jurisdiction.