STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
JUAN LE BRON LOPEZ, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 13, 1979—Decided February 28, 1979.

Before Judges CONFORD, PRESSLER and KING.

*Mr. Martin A. Bierbaum* argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Ms. Susan L. Schwartz,* Assistant Essex County Prosecutor, argued the cause for respondent (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered by
KING, J. A. D. Defendant was indicted for the felony-murder of Graham Manning, the robbery from him of $61

and possession of a dangerous knife. A two-day trial before Judge Loftus in June 1976 resulted in a mistrial on the court's own motion. Thereafter defendant was tried before Judge Loftus and a jury in October 1976 and found guilty of first degree murder and sentenced to life imprisonment. Defendant's motion for new trial was denied. Defendant appeals, contending that (1) his inculpatory statement was improperly admitted into evidence; (2) he was entitled to a second *Miranda* hearing at the retrial; (3) his counsel's cross-examination of Detective Arnold was improperly restricted; and (4) the trial judge committed plain error in not charging the jury on second degree murder *sua sponte*.

The State contended that defendant killed Manning during the course of a robbery in the men's room of Jordan's Lounge in Newark on February 20, 1976. Defendant contended that his brother-in-law Ronda, who was in his company that evening, was the murderer.

At the *Miranda* hearing held before the aborted initial trial in June 1976 the State produced the testimony of Detectives Clark and Arnold and Officer Martinez to support its contention that the confession was voluntary and was taken after full *Miranda* warnings were given four times and bilingually. Defendant did not testify or offer any proof at the *Miranda* hearing. The trial judge found that defendant, who admitted an 11th grade education during the questioning, gave a fully voluntary inculpatory statement after the appropriate warnings were given and waived in writing. The trial judge's conclusions were fully supported by the evidence. The trial judge found that defendant was "well versed" in English but nonetheless was provided with the bilingual interpreter, Martinez, to assist his understanding of the written confession and insure its accuracy. She also found that "the *Miranda* warnings were properly given to Mr. Lopez, once at the scene, once at 11:30, once at 2:25 in English, and then finally, 4:15 in Spanish. I further find that he did knowingly, voluntarily, and intelligently waive his rights."

As to voluntariness the trial judge found:

There's nothing in the record in any way, that would, in any way indicate that any police brutality was employed here. There's nothing to indicate there was any undue pressure put on Mr. Lopez to give the statement. There's nothing to indicate that there was any physical violence employed against him. Nothing to indicate that there was any threats employed.

The judge noted that the "only slight fact" in the record was that defendant broke down and cried. This she found to be a normal nervous reaction to his admission of what had occurred.

Defendant now contends that it was reversible error for the trial judge not to afford him a second *Miranda* hearing at the retrial. This argument was first raised at the hearing on defendant's motion for new trial. Defendant never requested a *Miranda* hearing before or during the retrial. Indeed, at the new trial motion hearing Judge Loftus observed that defendant's trial counsel signed a pretrial order which stated:

6. Is voluntariness of defendant's statement in issue?
Yes — Miranda hearing already heard — law of the case applies.

It is true that in *State v. Hale,* 127 *N. J. Super.* 407 (App. Div. 1974), this court held that in the event of a retrial a second *Miranda* hearing was appropriate. Since the *Miranda* hearing is part of the actual trial, and is not considered a pretrial proceeding, as is, for example, a motion to suppress evidence under *R.* 3:5–7(a), the so-called "law of the case" doctrine is not strictly applicable to the retrial. As we noted in *Hale,* "The State and defendant were returned to their original positions as if there had not been a trial." *Id.* at 413. However, we do not view *Hale* as mandating a new trial in this situation. Any error below was, if not actually invited, condoned by trial counsel's acquiescence in the pretrial stipulation that the *Miranda* hearing, conducted

as part of the initial aborted trial, governed the subsequent proceeding.

Nor has defendant suffered any deprivation by such technical error. In *State v. Miller,* 67 *N. J.* 229 (1975), and *State v. Kelly,* 61 *N. J.* 283 (1972), our Supreme Court confronted situations where the trial judges failed to conduct any hearings on the voluntariness or legality of defendant's statements but in all other respects the convictions were affirmable. Rather than reversing for a new trial the Supreme Court remanded the matters to the trial judges for *Evid. R.* 8(3) hearings. In the event the statements were found to be involuntary, or in violation of *Miranda,* the judgments would be reversed and new trials held; if they were not, the convictions stood, subject to appellate review of the hearing.

In the present case defendant has received his constitutional entitlement. His inculpatory statement has been found admissible by a factfinder other than his trial jury. In *Jackson v. Denno,* 378 *U. S.* 368, 84 *S. Ct.* 1774, 12 *L. Ed.* 2d 908 (1964), the United States Supreme Court held that the procedures for threshold rulings on the constitutional admissibility of inculpatory statements must "be fully adequate to insure a reliable and clear-cut determination of the voluntariness of the confession, including the resolution of disputed facts upon which the voluntariness issue may depend." *Id.* at 391. The high court further stated that "whether the trial judge, another judge, or another jury, but not the convicting jury, fully resolves the issue of voluntariness is not a matter of concern here * * * [t]he States are free to allocate functions between judge and jury as they see fit." *Id.* at fn. 19. There was no constitutional compulsion that the independent hearing be an integral part of the retrial.

Defendant did testify at the retrial in support of his contention that his brother-in-law Ronda was the culprit. Defendant also claimed that he confessed only because Ronda threatened to harm defendant's wife and that he was

not given the proper warnings. At defendant's motion for a new trial Judge Loftus reviewed defendant's trial testimony pertinent to the legality of the inculpatory statement admitted into evidence in the State's case. In view of defendant's belated claim, she made the following additional specific findings relevant to voluntariness and the *Miranda* warnings:

* * * The Court heard and observed Mr. Lopez when he was on the stand testifying with regard to the statement. Mr. Lopez indicated he didn't read the paper which was S–8 and that he couldn't read English and that Mr. Orantes had told him to sign it. He testified that Mr. Martinez who was the detective who spoke Spanish had never been brought into the room and never did in fact read the questions or anyway translate the questions to him or translate answers to him. He indicated that all the questions and the answers were made up by the police department. So I certainly had an opportunity to consider his position with regard to the *Miranda* warnings. I have reviewed my notes thereto and I have reviewed my notes with regard to the original hearing under *Miranda* — original hearing. Detectives Clark and Arnold and Martinez testified with regard to the very specific times that they did certain actions, the very specific procedure they engaged in certain actions and the original finding that I made with regard to that case are hereby incorporated in what I am just discussing. But there is no question that after having observed those three detectives testifying I concluded at that time that they were truthful, their testimony clearly indicated that Mr. Martinez was brought in and did in fact read the questions and the answers to Mr. Lopez in Spanish, had an opportunity to observe Mr. Martinez at the original hearing and find his testimony truthful. I don't believe Mr. Lopez's testimony when he says that Mr. Martinez was not in there and did not read the questions to him. I don't believe Mr. Lopez's testimony that all the answers were made up by the Newark Police Department, nor do I believe Mr. Lopez' testimony that Ronda Orantes threatened him and said if he didn't sign it, the paper, he would get his wife. I had a full opportunity to observe Mr. Lopez during the trial and just even limiting myself to the area of his testimony relating to the *Miranda* warning I find his testimony was incredible. So therefore, even assuming for the purpose of argument that I should have held a *Miranda* hearing, I hereby put on the record that taking into consideration Mr. Lopez' testimony as well as the testimony of Detective Clark and Arnold and Martinez that in fact, Mr. Lopez was advised of his *Miranda* warnings in accordance with *Miranda v. Arizona*, 384 *U. S.* 436, 86 *S. Ct.* 1602, 16 *L. Ed.* 2d 694 I further find that he knowingly and intelligently waived those rights and I

find that he voluntarily did make a statement to the police on the day in question.

If the trial judge had been impressed by defendant's trial testimony that the confession was gained involuntarily and without warnings, she was then free to grant defendant a new trial, and she no doubt would have done so. Her findings that defendant's contentions were groundless are well supported by the evidence. Since these findings were independent of the general verdict and made by a different factfinder than the convicting jury they are independently reviewable and satisfy the due process standards articulated in *Jackson v. Denno, supra.*

◼ Defendant's appellate counsel does not suggest any additional proofs which the trial judge might possibly have considered on an *Evid. R.* 8(3) hearing on the admissibility of defendant's inculpatory statement, nor does our review of the substantial record of both trials suggest any. There is therefore no necessity for a remand, as in *State v. Miller,* and *State v. Kelly, supra.* The trial court heard all testimony relevant to the admissibility of the inculpatory statement and ruled firmly and conclusively against defendant. He was entitled to no more under the Federal Constitution or under our State procedures. *Evid. R.* 8(3) ; *State v. Hampton,* 61 *N. J.* 250 (1972). Any error was technical at best and clearly incapable of producing an unjust result, *R.* 2:10–2, because we are able on appellate review to make a "full and reliable determination" of the due process conditions for admissibility ruled upon by the trial judge. *Jackson v. Denno, supra,* 378 *U. S.* at 391.

◼ We find no merit in defendant's contention that the trial judge improperly restricted the cross-examination of Detective Arnold concerning 'the police's initial suspicion of Ronda. Arnold did testify that Ronda was initially detained as a suspect. The *voir dire* testimony clearly established the lack of substance in defendant's theory that a "deal" had been struck between Ronda and the police. Under the

circumstances the trial judge did not abuse her discretion in limiting Arnold's cross-examination. *State v. Petillo,* 61 *N. J.* 165, 169 (1972), *cert.* den. 410 *U. S.* 945, 93 *S. Ct.* 1373, 35 *L. Ed.* 2d 611 (1973).

█ Nor do we find any merit in defendant's contention that the trial judge committed "plain error" in not, on her own motion, charging the jury on second degree murder. The case was clearly tried by both sides on an "all or nothing theory." At the hearing on defendant's motion for a new trial his defense counsel admitted to trying the case solely on a felony-murder theory and attempting to convince the jury that Ronda, not defendant, committed the robbery-murder. Counsel's summation was presented solely on that basis. There is no scintilla of evidence in the record to suggest any theory other than murder during the course of a robbery. The victim's wallet and paper currency were missing when his body was found. In defendant's statement he admitted stabbing the elderly victim several times when he struggled in resistance to defendant's knifepoint demand for money. There was no other tenable theory of homicide than robbery-murder. *State v. Harper,* 128 *N. J. Super.* 270 (App. Div. 1974), certif. den. 65 *N. J.* 574 (1974).

Affirmed.