198 N.J. Super. 219 (1985)
486 A.2d 935
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DEREK CLARKE, DEFENDANT-APPELLANT.
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GLENN FREEMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted and Argued December 4, 1984.
Decided January 18, 1985.
*222 Before Judges PRESSLER, BRODY and HAVEY.
Joseph H. Rodriguez, Public Defender, attorney for appellant Derek Clarke (Joseph G. Czarnecki, Designated Counsel, on the brief).
Daniel V. Gautieri, Assistant Deputy Public Defender, argued the cause for appellant Glenn Freeman (Joseph H. Rodriguez, Public Defender, attorney; Daniel V. Gautieri of counsel and on the brief).
Ulrike M. Ziebarth, Assistant Bergen County Prosecutor, argued the cause for respondent in Docket No. A-4690-81T4 (Larry J. McClure, Bergen County Prosecutor, attorney for respondent in both actions; Ulrike M. Ziebarth of counsel and on the brief in both actions).
The opinion of the court was delivered by BRODY, J.A.D.
A jury found appellants and a co-defendant guilty of attempted burglary. We consolidated their separate appeals and now reverse the convictions and remand for a new trial because the trial judge erred in refusing to allow the jury to consider whether appellants committed the crime of criminal mischief. Two additional points raised by appellants will require attention; the rest are rendered moot by our remand.
Robert Livaich, an off-duty police officer, was driving past a warehouse about 9:45 p.m. when he noticed defendant William Josey pacing back and forth in front of the building. Josey was looking from side-to-side and over his shoulder toward the building. The officer suspected that Josey was standing lookout for a burglary. He parked his car in a lot across from the warehouse and continued his observations. An on-duty police *223 officer happened to drive past the building about the same time in response to a call from another location. He heard the sound of breaking glass coming from the direction of the warehouse and radioed this information to police headquarters.
Detective Robert Stewart responded to the radio call and joined Officer Livaich just after Josey had entered a wooded area alongside the building. The officers followed him and soon came upon all three defendants crouched behind bushes near the building. The officers testified that a pair of gym socks were lying on the ground nearby. Detective Stewart testified that socks are commonly used by burglars to protect their hands from shards of glass and to avoid leaving fingerprints. The police found another pair of socks in defendant Clarke's back pocket.
Meanwhile additional officers arrived at the scene. An inspection of the building revealed that a windowpane, located at the front of the building behind tall shrubs, was completely missing. A rock and shattered glass were inside the building near the window. There were shoeprints on the ground in a two-foot space between the shrubs and the broken window.
The State relied on the foregoing circumstantial evidence to prove the crime of attempted burglary, the only offense charged in the indictment.
Defendants told their story through the testimony of Josey. He testified that they were on the way to the movies when they stopped at a tavern to purchase a six-pack of beer. They took the beer to where the police later found them. After finishing his beer, Josey left to purchase cigarettes with the understanding that he would meet the others in front of the warehouse upon his return and then they would go to the movies. When Josey returned the others were not there. While he was waiting for them to emerge from the bushes, he noticed a police car pass by. He then went into the bushes to see what was causing the delay. He found his friends and had settled in with them when the police arrived. Josey denied any intent to *224 burglarize the warehouse, denied hearing the sound of breaking glass, and denied seeing any socks on the ground. The jury obviously rejected his story.
After both sides had rested, defendant Clarke's attorney asked the court to "charge criminal mischief as a lesser included offense" based upon evidence that defendants broke the window. Criminal mischief is committed by a person who "[p]urposely or knowingly damages tangible property of another...." N.J.S.A. 2C:17-3(a)(1). Without asking the assistant prosecutor for his view, the trial judge replied:
Absolutely not. There is no evidence that they committed criminal mischief, none at all.
He explained that in view of Josey's denial that he broke the window and in the absence of any direct evidence that any of the defendants threw the rock through the window, it would be "speculation" for the jury to find that they had. We disagree.
A trial judge must charge a lesser included offense "when the facts on the record would justify a conviction" for that offense even where there has been no request by the parties to do so. State v. Powell, 84 N.J. 305, 319 (1980). This permits a jury to return a verdict that conforms to the evidence and relieves the pressure to return an all-or-nothing verdict. See State v. Lopez, 160 N.J. Super. 30, 36 (App.Div. 1978). Here the judge did not have to act sua sponte.
The theory of the State's case was that the arrival of the police prevented defendants from carrying out their plan to burglarize the warehouse after they had taken a substantial step toward committing that crime. Taking "a substantial step" is a key element of an attempt. N.J.S.A. 2C:5-1(a)(3). The State argues that Josey's conduct as lookout, the socks in Clarke's pocket, and defendants' hiding in the bushes were enough to establish the requisite substantial step without the need to prove that defendants also broke the window.
We cannot assume that without the evidence that defendants broke the window to gain entry the jury would have *225 been satisfied that the State proved a substantial step. Besides, an offense may be a lesser included offense even though the greater offense could also be proved without it. An offense is "included" when:
(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or
(2) It consists of an attempt or conspiracy to commit the offense charged or to commit an offense otherwise included therein; or
(3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission. [N.J.S.A. 2C:18(d)]
Burglary is defined as unlawfully entering a private structure "with purpose to commit an offense therein...." N.J.S.A. 2C:18-2(a). In this case the State contends that defendants' ultimate purpose was to steal. Had there been proof of entry for the purpose of theft, defendants would have been charged with burglary, and the lesser included offense of criminal trespass would have been routinely charged in case the State should fail to convince the jury of larcenous intent.
Defendants were charged only with attempted burglary because there was no proof of entry. However, they could not be found guilty of attempted criminal trespass as a lesser included offense because such conduct is not an offense under the Code. N.J.S.A. 2C:18-3(a) provides that unlawful entry into a structure that is not a dwelling is only a disorderly persons offense. An attempt to commit a disorderly persons offense is not itself an offense.[1]See N.J.S.A. 2C:5-1(a); II Final Report of the New Jersey Criminal Law Revision Commission: Commentary 113-114 (1971). However, committing criminal mischief by breaking a window to gain entry into a structure is a fact that can be used to prove trespass. It is therefore a lesser *226 offense included in trespass which in turn is included in burglary. Here it serves to take the place of the unavailable offense of attempted criminal trespass. In the circumstances of this case, criminal mischief is a lesser offense included within attempted burglary and, having support in the evidence, should have been charged  especially where there was a specific request to do so. See State v. Green, 86 N.J. 281, 289-290 (1981).
Apart from the technical niceties of whether criminal mischief is a lesser included offense in this case, there is the clear necessity to offer the jury an alternative to an all-or-nothing verdict because of the inchoate nature of the crime charged and the absence of direct evidence that these defendants intended to steal.
The State contends that the judge could not charge criminal mischief because the grading of that offense depends upon the amount of the pecuniary loss and there was no evidence regarding the cost of replacing the window. Criminal mischief is a disorderly persons offense if the pecuniary loss is $500 or less. N.J.S.A. 2C:17-3(b). Where there is no evidence of pecuniary loss, for grading purposes it is assumed that the loss was nominal and the offense would be a disorderly persons offense. See State v. Burks, 188 N.J. Super. 55, 61 (App.Div. 1983); State v. Taylor, 132 N.J. Super. 386 (Cty.Ct. 1974).
Two additional points must be decided to clear the way for a retrial. First, appellants argue that the socks seized by the police from Clarke's pocket should have been suppressed as evidence. We agree. Officer Livaich was the only witness at the suppression hearing. He testified that right after coming upon defendants in the bushes, he and Detective Stewart took them to a nearby lighted area where they were "patted down" in a "field search." This is how he described finding those socks:
Q Did you make any observations as to any objects that were contained on their clothing?
A One of the defendants had a pair of white tube socks in his back pocket.
Q Did you observe those socks in the course of this incident?

*227 A Yes. When we conducted our field search.
Q That was after they had been brought out of the wooded area?
A Yes.
Q And do you recall, Officer, which of the three individuals had that pair of socks in his pocket?
A No.
He further testified that (1) when he "felt the socks" he was satisfied that they were not a weapon, (2) he did not learn of the broken window until after the pat-down, and (3) defendants were not yet "under arrest" when the socks were seized.
The trial judge gave the following reasons for denying the motion to suppress:
The court doesn't feel  I think the police officers have an absolute right to conduct a pat-down search as indicated by [defendant Freeman's attorney] under the theory of Terry v. Ohio. The court doesn't feel that this was an unreasonable search and seizure.
I find that this gentleman did have probable cause to suspect that there may have been in fact a crime committed and that this pat-down search did not result in the illegal search and seizure in relation to these tube socks, and I will not suppress the evidence in relation to the tube socks.
This warrantless search cannot be justified on the record of the suppression hearing. Police may not uncover items not thought to be weapons during a pat-down for weapons. Terry v. Ohio, 392 U.S. 1, 30-31, 88 S.Ct. 1868, 1884-85, 20 L.Ed.2d 889, 911 (1968); see State v. De Lorenzo, 166 N.J. Super. 483, 488 (App.Div. 1979). The assistant prosecutor acknowledged at the hearing that it was not until the officers were informed that there was "a window broken at the premises" that the "investigative detention ripened into a probable cause situation." The officer himself acknowledged that defendants were not placed under arrest until he learned of the broken window, after the pat-down and seizure of the socks. The search was therefore not incident to a lawful arrest. State v. Sims, 75 N.J. 337, 352-355 (1978).
The State now argues that the socks when seized were in plain view and that only Clarke had standing to move for their suppression. There was no evidence at the suppression hearing to support the plain-view argument. Officer Livaich *228 did testify at trial that the socks were hanging out of Clarke's pocket before the pat-down, but we are limited to the evidence presented at the suppression hearing. See State v. Jordan, 115 N.J. Super. 73, 76-77 (App.Div. 1971), certif. den., 59 N.J. 293 (1973). The State could not have challenged Freeman's standing below because at the hearing the officer was unable to say which defendant had the socks.
The socks seized from Clarke's pocket should have been suppressed. Because a suppression hearing is a pre-trial proceeding, a proper determination of that motion becomes the law of the case for purposes of both trial and retrial. See Jordan, 115 N.J. Super. at 76-77; State v. Fioravanti, 78 N.J. Super. 253, 255 (App.Div. 1963); State v. Lopez, 166 N.J. Super. 301, 304 (App.Div. 1979), certif. den., 81 N.J. 287 (1979).
In their final point, appellants argue that the trial judge should have quashed the indictment because Officer Livaich testified before the grand jury to facts that were not true. The testimony complained of was hearsay and the officer made that clear to the jurors. He testified he was told by other officers that "footprints" found "on the window" were similar to prints left by defendants' sneakers and that soil samples from the window were sent to a police laboratory for comparison with soil samples from the sneakers. He cautioned the jurors that as yet the laboratory had not made its report. Appellants point out that the prints were in fact found under rather than on the window, that they were not clear enough to be matched to defendants' sneakers, and that the laboratory report turned out to be negative.
A court may not quash an indictment except on the clearest and plainest ground. State v. Weleck, 10 N.J. 355, 364 (1952). Whether to grant such a motion is left to the sound discretion of the trial judge and we must affirm his action unless he abused that discretion. Id. There was no abuse here. The grand jury knew that the testimony in question was not firsthand and therefore might not be reliable. They also *229 knew that the laboratory had not yet made its report. If the jury was not satisfied that there was enough other evidence to indict, they would have withheld action until they knew the contents of the report. There was ample evidence to support the indictment without considering the testimony complained of by appellants.
Reversed and remanded for a new trial.
NOTES
[1] Note that there is no offense of "attempted simple assault." The disorderly persons offense of simple assault is defined to include attempts to cause bodily injury and attempts to put another in fear of imminent serious bodily injury. N.J.S.A. 2C:12-1(a).