STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
ANGEL SAM FIGUEROA, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 23, 1989—Decided December 7, 1989.

216

Before Judges J.H. COLEMAN, BRODY and SKILLMAN.

*Alfred A. Slocum,* Public Defender, attorney for appellant (*August T. Lembo,* Designated Counsel, of counsel and on the brief).

*Peter N. Perretti, Jr.,* Attorney General, attorney for respondent (*Ann Marie Luvera,* Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

BRODY, J.A.D.

A jury convicted defendant of second-degree aggravated arson. *N.J.S.A.* 2C:17–1a(1). The judge sentenced him to prison for ten years, five years to be served before parole eligibility. The State presented evidence that two accomplices, acting at defendant's direction to burn a particular abandoned building, set a mattress on fire at the foot of a stairway that provided the building's only means of egress. Defendant knew when he ordered the fire that a police officer was inside, using the building to conduct a telescopic surveillance of the neighborhood for illegal drug activity. Confronted by the burning stairway, the officer escaped from the building by leaping to the ground from the first story.

Shortly before the fire, Det. John Imfeld had stopped and searched defendant pursuant to instructions he received on a hand-held radio from Det. Dennis Mason, the officer in the building. Det. Mason had advised Det. Imfeld that he had just seen defendant selling drugs on the street. Det. Imfeld did not find drugs on defendant's person. There was evidence that immediately after the search defendant overheard the next radio transmission in which Det. Mason directed Det. Imfeld to search a nearby field where he said he had seen defendant throw a white packet just before he was stopped. When no drugs were found in the field, defendant became incensed and accused the police of harassing him.

The testimony and a taped statement of one of his accomplices provided key evidence that defendant ordered the fire out of revenge, knowing that a police officer was inside the building. The prior statement became admissible when the accomplice, who had previously been convicted of the arson, was not forthcoming or consistent in his testimony.

Defendant raises the following points in his brief:

I. THE TRIAL COURT ERRED IN ADMITTING EXTENSIVE TESTIMONY AS TO ALLEGED DRUG TRANSACTIONS AND POSSESSION BY THE DEFENDANT.

II. THE COURT ERRED IN REFUSING TO DECLARE A MISTRIAL AFTER REPEATED REMARKS BY THE ASSISTANT PROSECUTOR REGARDING THE PRESENCE OF DEFENDANT'S FRIENDS AND RELATIVES IN THE COURTROOM PREJUDICED THE DEFENDANT AND IMPINGED ON HIS CONSTITUTIONAL RIGHT TO A PUBLIC TRIAL.

III. THE TRIAL COURT ERRED IN FAILING TO CHARGE THE LESSER INCLUDED OFFENSES AS REQUESTED BY THE DEFENDANT.

IV. THE VERDICT IS AGAINST THE WEIGHT OF THE EVIDENCE, AND THE TRIAL COURT SHOULD HAVE GRANTED DEFENDANT'S MOTION FOR A NEW TRIAL ON THIS BASIS.

V. IN LIGHT OF THE UNAVAILABILITY OF THE VERBATIM TRANSCRIPT, DUE PROCESS REQUIRES THAT A NEW TRIAL BE ORDERED IN THIS MATTER.

VI. THE SENTENCE WAS EXCESSIVE.

We are satisfied from a careful review of this record that except for point III, in which defendant argues that the trial judge erred when he refused to charge allegedly lesser included offenses, the issues raised are clearly without merit and therefore do not require discussion. *R.* 2:11–3(e)(2).

*N.J.S.A.* 2C:17–1a provides in relevant part:

A person is guilty of aggravated arson, a crime of the second degree, if he starts a fire or causes an explosion, whether on his own property or another's:

(1) Thereby purposely or knowingly placing another person in danger of death or bodily injury; [or]

(2) With the purpose of destroying a building or structure of another; ...

The trial judge instructed the jury to return separate verdicts as to each of the foregoing kinds of aggravated arson. The jury found defendant guilty of starting the fire to purposely or knowingly place Det. Mason in danger of death or bodily injury and acquitted him of having as his purpose the destruction of the building.

The judge refused to charge as lesser included offenses criminal mischief (*N.J.S.A.* 2C:17–3a) [1] and improper behavior, a petty disorderly persons offense (*N.J.S.A.* 2C:33–2a(2)). He ruled that there was no rational basis in the evidence to charge any offense having a lesser culpability than purposeful or

---

[1] The offense is a disorderly persons offense or a crime of the fourth or third degree, depending on the amount of the "pecuniary loss." *N.J.S.A.* 2C:17–3b.

knowing. *N.J.S.A.* 2C:1–8e. We agree. For defendant to have been implicated at all in the fire, the jury would have to conclude that he had it set in order to endanger Det. Mason because the detective had targeted him as a drug suspect. Thus, defendant's participation in setting the building on fire had to be deliberate. We note that by not requesting the judge to charge third-degree arson, defendant tacitly acknowledged that the evidence did not rationally support reckless culpability, the culpability of third-degree arson. *N.J.S.A.* 2C:17–1b.

■ However, some forms of criminal mischief and improper behavior are purposeful or knowing, not merely reckless. Therefore, we still must consider whether the judge erred when he refused to charge those offenses.

*N.J.S.A.* 2C:17–3a provides:

A person is guilty of criminal mischief if he:

(1) Purposely or knowingly damages tangible property of another or damages tangible property of another recklessly or negligently in the employment of fire, explosives or other dangerous means listed in section 2C:17–2a; or

(2) Purposely or recklessly tampers with tangible property of another so as to endanger person or property.

*N.J.S.A.* 2C:17–3a(1) criminal mischief is an offense against tangible property and therefore as a lesser included offense it would have to be included within *N.J.S.A.* 2C:17–1a(2) aggravated arson, which requires having a purpose to destroy a "building or structure." The jury, however, acquitted defendant of that crime and found him guilty only of a crime against the person. We fail to see how defendant could have avoided that conviction had the judge instructed the jury to consider whether he is also guilty of a lesser property offense. Any error in failing to give such an instruction was clearly harmless. *R.* 2:10–2.

■ Besides, *N.J.S.A.* 2C:17–3a(1) criminal mischief, though in part defined as purposely or knowingly damaging "tangible property," is not a lesser offense included within aggravated arson where the defendant either ordered that the building or structure be set on fire to endanger a person or did not order

the fire at all. Purposeful or knowing criminal mischief typically involves damage to property without such a potential for disaster. *See, e.g. State v. Clarke,* 198 *N.J.Super.* 219, 225–226 (App.Div.1985) (breaking a window with a rock).

▇ *N.J.S.A.* 2C:17–3a(2) criminal mischief prohibits "tampering" with tangible property so as to endanger person or property. The offense is distinct from 2C:17–3a(1) criminal mischief because one can endanger person or property by tampering with property without damaging it. The unauthorized throwing of a railroad switch is a common example. II *Final Report of the New Jersey Criminal Law Revision Commission: Commentary* 208 (1971). Setting a building on fire is not merely tampering with the building.

▇ *N.J.S.A.* 2C:33–2a(2) provides:

a. Improper behavior. A person is guilty of a petty disorderly persons offense, if with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof he

\*        \*        \*        \*        \*        \*        \*        \*

(2) Creates a hazardous or physically dangerous condition by any act which serves no legitimate purpose of the actor.

\*        \*        \*        \*        \*        \*        \*        \*

"Public" means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, or any neighborhood.

Evidence that defendant set a building on fire with the purpose of endangering a police officer who was inside is evidence of aggravated arson, not merely the petty disorderly persons offense of purposely causing inconvenience, annoyance or alarm to the general public.

Affirmed.