678 A.2d 659

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. LOUIS ABRONSKI, DEFENDANT–APPELLANT.

Argued March 25, 1996—Decided July 11, 1996.

*Marcia H. Blum*, Assistant Deputy Public Defender, argued the cause for appellant (*Susan L. Reisner*, Public Defender, attorney).

*Robin A. Hamett*, Special Deputy Attorney General, Acting Assistant Prosecutor, argued the cause for respondent (*Joseph F. Audino*, Special Deputy Attorney General, Acting Camden County Prosecutor, attorney).

*Carol M. Henderson*, Deputy Attorney General, argued the cause for amicus curiae, Attorney General of New Jersey (*Deborah T. Poritz*, Attorney General, attorney).

The opinion of the Court was delivered by

STEIN, J.

Defendant was convicted of first-degree aggravated sexual assault and second-degree sexual assault. He was sentenced to fifteen years imprisonment for the first-degree offense and to a concurrent seven-year term for the second-degree offense. The Appellate Division affirmed his convictions. 281 *N.J.Super.* 390, 403, 657 *A.*2d 1224 (1995). We affirm the judgment of the Appellate Division substantially for the reasons stated in its opinion.

As in *State v. Knight*, 145 *N.J.* 233, 678 *A.*2d 642 (1996), also decided today, the primary issue in this case is the retroactivity of a new rule of criminal procedure. In *State v. Reed*, 133 *N.J.* 237, 261–62, 627 *A.*2d 630 (1993), we held that "[w]hen, to the knowledge of the police, [the attorney of a suspect in custody] is present or available, and the attorney has communicated a desire

to confer with the suspect, the police must make that information known to the suspect before custodial interrogation can proceed or continue." Furthermore, "the failure of the police to give the suspect that information renders the suspect's subsequent waiver of the privilege against self-incrimination invalid *per se.*" *Id.* at 262, 627 *A.*2d 630. We decided *Reed* after defendant,. Louis Abronski, had been tried and convicted of sexual assault of his girlfriend's nine-year-old daughter, but before the Appellate Division ruled on defendant's appeal. Defendant contends, based on our decision in *Reed,* that his tape-recorded confession was improperly used against him at trial because an attorney, retained by defendant's mother immediately after defendant was arrested, was not permitted to speak with defendant when he telephoned police headquarters during the interrogation. We agree with the Appellate Division that *Reed* does not apply retroactively to defendant's case, and that the trial court therefore properly admitted the confession into evidence. *See* 281 *N.J.Super.* at 402, 657 *A.*2d 1224.

■ Three factors are considered in determining whether a new rule of criminal procedure is to be applied retroactively: "(1) the purpose of the rule and whether it would be furthered by a retroactive application, (2) the degree of reliance placed on the old rule by those who administered it, and (3) the effect a retroactive application would have on the administration of justice." *State v. Nash,* 64 *N.J.* 464, 471, 317 *A.*2d 689 (1974). In *Knight, supra,* our analysis of those factors led us to conclude that the rule of *State v. Sanchez,* 129 *N.J.* 261, 609 *A.*2d 400 (1992), should be granted limited retroactivity. 145 *N.J.* at 256–59, 678 *A.*2d 642. Our decision not to afford *Reed* such retrospective effect stems from our analysis of the second and third *Nash* factors in this case. As the Appellate Division recognized, *see* 281 *N.J.Super.* at 401–02, 657 *A.*2d 1224, the context in which the *Reed* rule is implicated frequently arises. *See, e.g., People v. McCauley,* 163 *Ill.*2d 414, 206 *Ill.Dec.* 671, 676–82, 645 *N.E.*2d 923, 928–34 (1994) (citing and discussing cases); *Reed, supra,* 133 *N.J.* at 248–49, 627

*A*.2d 630 (citing cases). As a result, applying *Reed* retroactively would undermine the validity of a relatively large number of convictions and consequently burden the criminal justice system with numerous retrials. Moreover, in cases similar to this, state law enforcement agents reasonably could rely on pre-*Reed* law, see *Moran v. Burbine*, 475 *U.S.* 412, 106 *S.Ct.* 1135, 89 *L.Ed.*2d 410 (1986), in declining to interrupt the interrogation of a suspect to inform the suspect that an attorney was seeking to contact him. As the Appellate Division observed, "when the police interrogated Abronski, *Moran* represented the applicable law and the police justifiably relied on and followed it." 281 *N.J.Super.* at 402, 657 *A.*2d 1224.

We concur fully with the Appellate Division's application of the *Nash* factors in this case and its conclusion that *Reed* should not be applied retroactively. *See* 281 *N.J.Super.* at 399–402, 657 *A.*2d 1224; *cf. Jones v. State*, 528 *So.*2d 1171, 1175–76 (Fla.1988) (declining to give retroactive effect to *Haliburton v. State*, 514 *So.*2d 1088 (Fla.1987), which adopted rule analogous to that set forth in *Reed, supra*). Therefore, *Reed* will apply only to cases in which the defendant's custodial confession occurred after July 23, 1993, the date on which *Reed* was decided.

Judgment affirmed.

*For affirmance*—Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN and COLEMAN—6.

*Opposed*—None.