837 A.2d 398 (2003)
364 N.J. Super. 496
STATE of New Jersey, Plaintiff-Respondent,
v.
Maria TAVARES, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued November 12, 2003.
Decided December 8, 2003.
*400 Frank J. Pugliese, Assistant Deputy Public Defender, argued the cause for appellant (Yvonne Smith Segars, Public Defender, attorney; Mr. Pugliese, of counsel and on the brief).
Joie Piderit, Deputy Attorney General, argued the cause for respondent (Peter C. Harvey, Attorney General, attorney; Ms. Piderit, of counsel and on the brief).
Before Judges STERN, PAYNE and LANDAU.
*399 The opinion of the court was delivered by STERN, P.J.A.D.
Tried to a jury, following the denial of her motion to suppress, defendant was convicted of conspiracy and possession of cocaine, and sentenced to a term of three years probation on the merged conviction for possession (count two). On this appeal, defendant argues that "the State failed to demonstrate sufficient justification for issuance of a no-knock search warrant, necessitating suppression of the evidence and a remand to vacate the judgment of conviction." She also contends that the admission of expert testimony, including an improper hypothetical question, also warrants reversal of the conviction.
The warrant, issued by a municipal court judge, provided two "no-knock" provisions:
4. You are hereby authorized to enter the premises described below [] with, [X] without, first knocking and identifying the officers as police officers and the purpose for being at the premises, if applicable.
5. You are further authorized to execute this warrant between the hours of 24 Hours and no knock within the ten (10) days from the issuance hereof, and thereafter to forthwith make prompt return to me with a written inventory of the property seized hereunder.
These provisions were premised on the following paragraphs of a police detective's affidavit:
I also request to execute this search warrant without first knocking and announcing myself as a police officer. I have found that a controlled dangerous substance can and will be destroyed upon warning.
I also request that the search warrant be issued to cover a twenty-four hour period, due to the fact that drug activity takes place all hours of the day and night. [Therefore,] the element of surprise is vital in the execution of this search warrant.
The warrant was clearly defective because of the inadequate affidavit. As the Supreme Court recently held:
First, to justify a no-knock warrant provision, a police officer must have a reasonable, particularized suspicion that a no-knock entry is required to prevent the destruction of evidence, to protect the officer's safety, or to effectuate the arrest or seizure of evidence. Second, the police officer must articulate the reasons for that suspicion and may base those reasons on the totality of the circumstances with which he or she is faced. Third, although the officer's assessment of the circumstances may be based on his or her experience and knowledge, the officer must articulate a minimal level of objective justification to support the no-knock entry, meaning it may not be based on a mere hunch.
[State v. Johnson, 168 N.J. 608, 619, 775 A.2d 1273 (2001).]
See also State v. Jones, 358 N.J.Super. 420, 818 A.2d 392 (App.Div.), certif. granted, 177 N.J. 224, 827 A.2d 291 (2003).
*401 The "no-knock" provisions in this case cannot stand.
We also reject the State's contention that State v. Johnson "should not be applied retroactively to the instant case" involving a warrant issued before it was decided. The State points to no opinion that would have authorized a "no-knock" warrant on the affidavit executed in 1999, and does not demonstrate that Johnson announced a "new rule of law." The United States Supreme Court had required by the time of this search that "[i]n order to justify a `no-knock' entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." Richards v. Wisconsin, 520 U.S. 385, 394, 117 S.Ct. 1416, 1421, 137 L. Ed.2d 615, 624 (1997). The affidavit in this case involved the type of per se request for a "no-knock" warrant that was rejected in 1997 by Richards. See also State v. Purnell, 161 N.J. 44, 53-56, 735 A.2d 513 (1999); State v. Knight, 145 N.J. 233, 249-58, 678 A.2d 642 (1996); State v. Abronski, 145 N.J. 265, 267, 678 A.2d 659 (1996); State v. Burstein, 85 N.J. 394, 403, 407-11, 427 A.2d 525 (1981) (applying retroactivity principles).
The State argues, however, that "an invalid no-knock search warrant may still be valid if the police knock first and announce their presence prior to entering defendant's residence," see State v. Ventura, 353 N.J.Super. 251, 258, 802 A.2d 545 (App.Div.2002); State v. Bilancio, 318 N.J.Super. 408, 420, 724 A.2d 278 (App.Div.), certif. denied, 160 N.J. 478, 734 A.2d 793 (1999), that defendant never showed that there was a "no-knock" entry, and that she had the burden of doing so because the search was pursuant to a warrant. In the State's words, "[d]efendant in this case failed at the hearing stage to establish the necessary evidentiary basis to raise her current claim. Therefore, no determination can be made on appeal as to the validity of the no-knock clause of an otherwise valid warrant."
The State is indeed correct that the defendant has the burden of proving the invalidity of a search pursuant to a warrant, while the State has the burden of proving the validity of a warrantless search. State v. Wilson, 178 N.J. 7, 12, 833 A.2d 1087 (2003); State v. Cooke, 163 N.J. 657, 664, 751 A.2d 92 (2000); State v. Whittington, 142 N.J.Super. 45, 51-52, 359 A.2d 881 (App.Div.1976); Pressler, Current N.J. Court Rules, Comment R. 3:5-7(b). The State is also correct that the record of the motion to suppress reveals no evidence that the entry included no announcement or knock, and the only proofs relevant on appellate review of the motion to suppress are the proofs at the motion hearing. As Justice Verniero recently explained:
Warrantless searches, of course, are not supported by an affidavit in advance of the search but rather are evaluated based on testimony and other evidence presented to the trial court (either a municipal or Law Division judge) at a subsequent suppression hearing. Nonetheless, the "four-corners" concept is reflected in such cases in that the suppression motion is "heard and decided by the court on the basis of everything each side has to offer, including testimony if material facts are disputed." State v. Gaudiosi, 97 N.J.Super. 565, 568, 235 A.2d 680 (App.Div.1967). In other words, the trial court decides whether the State has justified its warrantless conduct based on the "four corners" of the evidence presented at the suppression hearing. Hence, as a general rule, *402 the State on appeal cannot rely on factual testimony or other proof that was not submitted as part of the lower court's record. See generally [3]2 New Jersey Practice, Criminal Practice and Procedure § 16.18, at 12-13 (Leonard N. Arnold) (2002) (outlining procedures governing suppression motions).
[State v. Wilson, supra, 178 N.J. at 13, 833 A.2d 1087.]
The same principle, that a defendant cannot refer to evidence developed other than at the motion to suppress, applies when defendant challenges the denial of a motion to suppress. See State v. Gibson, 318 N.J.Super. 1, 9, 722 A.2d 960 (App.Div.1999); State v. Jordan, 115 N.J.Super. 73, 76, 278 A.2d 223 (App.Div.), certif. denied, 59 N.J. 293, 281 A.2d 806 (1971).
However, this case involved a motion to suppress evidence seized during a search pursuant to a warrant, and the argument on the motion to suppress, as is generally true in such cases, related to the sufficiency of the affidavit underlying the warrant, which was based on information obtained from a confidential informant. While defendant had the burden on the motion to invalidate a search based on a warrant, there was no disputed fact asserted with respect to the entry. A reading of the argument on the motion to suppress shows that the relevant contentions were premised on a "no-knock" entry. Of course, the issue may have been joined had defendant submitted an affidavit of the relevant facts together with her brief, but the State did not contest the assertion that there was a "no-knock" entry, and in fact the prosecutor defended the request for the "no-knock" authorization despite the judge's concern that it was a "boiler plate" request. The prosecutor indicated that the "no-knock" provision was particularly justified in this case because the search involved "a third floor attic apartment, not just a room that someone rented where the bathroom might be down the hall," so that the drugs could be easily disposed of.[1]
In any event, any question regarding whether the police entered the premises without announcing themselves and knocking became an issue only upon a finding that the "no-knock" provision of the warrant was invalid. Because the trial judge found the affidavit sufficient and the warrant valid, the defendant had no need to request an evidentiary hearing as to any contested factual assertion concerning the entry. Accordingly, we find no waiver of defendant's challenge to the search nor a waiver of her right to assert that the entry was without knocking.
We remand for consideration of any factual dispute concerning whether the entry was made without first knocking or announcement by the police of their presence. Because the "no-knock" provision of the warrant cannot be sustained, the State will have the burden of proving that the police knocked on the door to the premises prior to the entry. Cf. State v. Valencia, 93 N.J. 126, 135-36, 459 A.2d 1149 (1983) (telephone search warrant not issued in compliance with court rules and matter had to be deemed warrantless search). If there was no knock or similar announcement, the matter cannot be treated as a search pursuant to a warrant in a State that recognizes no "good faith" exception to the warrant requirement. See State v. Novembrino, 105 N.J. 95, 157-58, 519 A.2d 820 (1987). See also State v. Valencia, supra, 93 N.J. at 136-37, 459 A.2d 1149 *403 (State has burden where warrant invalid); R. 3:5-7(g).
In future cases in which the validity of a warrant authorizing a "no-knock" entry is the subject of a motion to suppress, and the State asserts that the officers knocked or announced themselves before entry, the State should introduce an affidavit or certification to that effect, which will then place the burden on defendant to demonstrate that the search was unlawful because of a "no-knock entry."
The State can also seek to defend the entry as if no warrant were issued or necessary, such as by a virtue of probable cause and exigent circumstances. See State v. Valencia, supra, 93 N.J. at 136-37, 459 A.2d 1149; State v. Ventura, supra, 353 N.J.Super. at 258-61, 802 A.2d 545; State v. Bilancio, supra, 318 N.J.Super. at 417-20, 724 A.2d 278. See also Richards v. Wisconsin, supra. However, where the entry was without knocking or announcement and the affidavit in support of the warrant is insufficient to sustain such entry, the burden of proof to sustain the search is on the State, as in any case involving a warrantless search.
The denial of defendant's motion to suppress is reversed, and the matter is remanded to the Law Division for further proceedings consistent with this opinion. The trial judge shall complete the remand proceedings on or before January 30, 2004. If the trial judge concludes that the entry was made after the police knocked and announced themselves, he shall so report, with findings of fact and conclusions of law, to the clerk of this court, and the parties may file supplementary briefs within twenty-one days thereafter. We shall then further consider the matter and the remaining issues raised on the appeal. If the State does not sustain its burden on the remand proceedings, the indictment shall be dismissed by the trial court.
It is so ordered.
NOTES
[1] Although R. 3:5-7(b) requires an initial brief, including a statement of facts, from the party with the burden, Judge Pressler also suggests that the initial brief should be accompanied by an affidavit. See Pressler, Current N.J. Court Rules, Comment R. 3:5-7(b). That was not done here.